## Merritt v. Morton Admx., et al.

(Decided April 13, 1911.)

### Appeal from Warren Circuit Court.

Inheritance—Adopted Child—Right to Inherit Rests Upon Contract Which Cannot be Extended to Kindred.—An agreement entered into in adopting a child is an agreement personal to those entering into it and it cannot be extended so that the child may inherit from others. All inheritance laws are based upon blood relationship, whereas an adopted child's right to inherit rests upon a contract, and therefore only to those persons who are bound by it.

GRIDER & HARLAN and WILL R. SPECK for appellant.

RODES & WALLACE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

The Louisville Baptist Orphans Home was incorporated by an act of the legislature January 29, 1870. Its charter was amended by another act of the legislature of March 19, 1873, and again on January 31, 1880. In 1883 it took into its custody an infant child named Charles Buel Davis, and on the 21st day of November, 1883, it apprenticed this child to W. W. Merritt. Under this apprenticeship the infant remained in the custody of Merritt until the 19th day of July, 1884, at which time Merritt and his wife, Carrie Merritt, made and executed a contract of adoption with the said Louisville Baptist Orphans Home, as provided for and authorized by the act of the legislature creating said home. After the execution of this contract Merritt and his wife kept and reared the child as their own until he reached his majority. They never had any children born to them. In the year 19..., and prior to 1910, Carrie Merritt, his foster mother, died intestate. In 1910 Sarah E. Morton, the mother of Carrie

Merritt, died intestate, possessed of a considerable estate. Claiming that he was entitled to that share in the estate of Sarah E. Morton which his foster mother would have received if living at her death, Charles W. Merritt, the adopted child, brought a suit to recover his interest in her estate. The chancellor was of opinion that he could not inherit from any of the kindred of his foster or adoptive parents, and dismissed his petition. Being dissatisfied with this finding and judgment, he appeals.

So much of the act as bears upon the question at issue is, as follows:

"Said corporation may through its president or vice president, in the manner prescribed by its by-laws, permit any suitable person to adopt any child in its custody and control, as his or her own child.

"It may contain all suitable covenants for the care, education, and nurture of such child; and when such instrument shall be so executed and recorded, such child shall become the heir at law of such person so adopting him or her, and be as capable of inheriting as though he or she were the child of said person; and said person shall have the same parental control and be under the same responsibilities as if the child so adopted were his or her own child."

This identical question has not heretofore been presented to this court. In Power v. Hafley, 85 Ky. 671, and Atchison v. Atchison, Extr., 89 Ky. 488, it was held that a child adopted as appellant was by W. W. Merritt and his wife becomes the heir-at-law of those adopting him, and is made as capable of inheriting from them as if he had been born to them and were in fact their child. But we are cited to no authority, statutory or otherwise, where it has been held that an adopted child is thereby made capable of inheriting from the kindred of those who have adopted him. But in the cases of Van Matre v. Shankey, 148 Ill., 536, Meader v. Archer, 65 N. H. 214, Phillips v. McConica, 59 O. S. 1, and Sunderland's estate, 60 Ia. 732, it is expressly held that an adopted child cannot inherit from the collateral kindred of its adoptive parents, nor from the ancestors of such parents, nor from their natural children. And in Vermont, where by special statute an adopted child is made an heir-at-law in as full and perfect a manner as if born to the adopting parents, it is held that the adopted child cannot become an heir of a brother of his adoptive mother, although she would be an heir if living. Moore v. Moore, 35 Vt. 98. And in

Helm v. Elliott, 89 Tenn., 446, it is held that an adopted child cannot inherit from the natural children of the man adopting him or their descendants. The reason for the uniformity of this rule is apparent. The act of the foster parents in adopting the child is a contract into which they entered with those having the lawful custody of the child, an agreement personal to themselves, and while they have a perfect right to bind or obligate themselves to make the child their heir, they are powerless to extend this right on his part to inherit from others. All inheritance laws are based or built upon natural ties of blood relationship, whereas an adopted child's right to inherit rests upon a contract, and hence only those parties to the contract are bound by it.

Judgment affirmed.