GEORGE T. GAMMONS, executor, *vs.* JESSIE I. GAMMONS.

Worcester.    May 21, 1912. — June 24, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Devise and Legacy,* Rights of adopted child.    *Adoption.*

Under a will which contains certain bequests to a son of the testator and makes no mention of a child or issue of the son, an adopted child of the son takes nothing if the son dies before the testator.

SHELDON, J.    The respondent Jessie Inman Gammons was legally adopted in 1894, by Henry A. Inman and his wife.    Sanford A. Inman, by his will dated in 1902, made certain bequests to Henry A. Inman, who was one of his sons.    Henry A. Inman died before the testator, leaving no issue of his body, but only this adopted daughter.    She claims to be entitled to receive what was thus bequeathed to her adopting father, under R. L. c. 135, § 21.

As the adopted child of the deceased son of the testator, claiming under a bequest which now could be taken only by the issue of that son, her claim cannot be supported under the provisions of R. L. c. 154, § 7, because it is only as to her adopting parents and their legal descendants that she has acquired the rights of a child born to those parents in lawful wedlock.    *Buckley* v. *Frasier,* 153 Mass. 525.    *Wyeth* v. *Stone,* 144 Mass. 441.    *Blodgett* v. *Stowell,* 189 Mass. 142.    *Brown* v. *Wright,* 194 Mass. 540.    There being no provision for her in the will of the testator, who was not her adopting parent, her rights are governed by R. L. c. 154, § 8.    That section provides that "The word 'child,' or its equivalent, in a grant, trust-settlement, entail, devise or bequest shall include a child adopted by the settlor, grantor or testator, unless the contrary plainly appears by the terms of the instrument; but if the settlor, grantor or testator is not himself the adopting parent, the child by adoption shall not have, under such instrument, the rights of a child born in lawful wedlock to the adopting parent, unless it plainly appears to have been the intention of the settlor, grantor or testator to include an adopted child."

But Jessie Inman Gammons can take nothing under this section, whatever may have been the unexpressed intention of the testator, because she does not come within its terms. The will of Sanford A. Inman does not contain the word "child" or any equivalent thereof, in the bequests to Henry A. Inman. There is absolutely no reference to any child, issue, or descendants of Henry in that will. The provisions of R. L. c. 135, § 21, do not make up for this omission, for under the decisions already referred to and the express language of R. L. c. 154, § 7, she cannot take by representation as the "issue" of her adopting parent. This is expressly stated in *Wyeth* v. *Stone, ubi supra.* It follows that she takes nothing under the will of Sanford A. Inman; and we need not consider whether under the latter part of § 8, above quoted, if the testator had made a limitation to the children, issue or descendants of his son Henry, parol evidence of the declarations of the testator would have been competent and sufficient to make it plainly appear that it was his intention to include in such a limitation the adopted daughter of that son.

As no other question is raised by the appeal, the decree of the Probate Court must be affirmed; and it is

*So ordered.*

The case was submitted on briefs.

*C. Steere,* for the executor.

*W. B. Grant,* for Jessie I. Gammons.

*W. E. Sibley, C. H. Sibley & C. M. Blair,* for Caroline V. Carpenter and others.