[Civ. No. 9958. Second Appellate District, Division One.—December 31, 1934.]

In the Matter of the Estate of ISABELLE S. JONES, Deceased. WINIFRED ALDEN SENNING et al., Appellants, v. SPENCER WARD, Guardian ad Litem, etc., Respondent.

Sylvester Hoffmann, Mitchell, Silberberg & Knupp and Ross R. Hastings for Appellants.

William A. Conover for Respondent.

HAHN, J., *pro tem.*—Isabelle S. Jones died in Los Angeles County, of which she was a resident, on December 7, 1931, leaving a will dated March 17, 1915, which contains the following paragraph:

"Second: After the payment of such funeral expenses and debts, I give, devise and bequeath unto my beloved husband, Charles E. Jones, or his heirs, all my property, of

every nature and description, real, personal and mixed, wherever situated."

Charles E. Jones, husband of testatrix, predeceased her in 1927. At the time of his death he left as next of kin his father, Wm. R. Jones, two brothers, George A. Jones and Harry L. Jones, and a niece, Winifred Alden Senning, a daughter of a predeceased sister.

Prior to the death of the testatrix, W. R. Jones, father, and Harry L. Jones, brother of Charles E. Jones, died. Harry L. Jones died without blood issue, but leaving an adopted daughter, Helen Elaine Jones, respondent herein. Upon a hearing of petitions of both appellants and respondent to determine interest in the estate of Isabelle S. Jones, the court found that respondent Helen Elaine Jones was the legally adopted daughter of Harry L. Jones and therefore was entitled to receive one-third of the estate of Isabelle S. Jones. From this part of the judgment, George A. Jones, brother, and Winifred Alden Senning, a niece of Charles E. Jones, deceased, whose right to receive the other two-thirds of the estate is not questioned, prosecute this appeal, urging two grounds for a reversal of the judgment:

First, that the evidence does not support the finding that Helen Elaine Jones was the legally adopted daughter of Harry L. Jones, and

Second, even if she were such adopted daughter, she is not an heir of Charles E. Jones, and therefore not entitled to share in the estate of Isabelle S. Jones.

In view of our conclusion on the second point raised by appellants, which necessarily disposes of the appeal, we will proceed at once to the primary question: Is respondent Helen Elaine Jones an heir of Charles E. Jones?

In finding an answer to this query, we must look to our laws of succession and our statutes on adoption. (*Estate of Watts,* 179 Cal. 20 [175 Pac. 415]; *Hochstein* v. *Berghauser,* 123 Cal. 681 [56 Pac. 547]; *Estate of Pence,* 117 Cal. App. 323 [4 Pac. (2d) 202].)

Section 108 of the Probate Code reads as follows:

"Disposition to heirs, etc. Words of donation. A testamentary disposition to 'heirs', 'relations', 'nearest relations', 'representatives', 'legal representatives', 'personal representatives', 'family', 'nearest (or next) of kin' of any person, without other words of qualification, and when the terms

are used as words of donation, and not of limitation, vests the property in those who would be entitled to succeed to the property of such person, according to the provisions of division II of this code. Such terms are used as words of donation, and not of limitation, when the property is given to the person so designated, directly, and not as a qualification of an estate given to the ancestor of such person.''

"The word 'heirs' . . . means the persons who would be entitled to succeed at his death to his estate in case of intestacy, by virtue of our statutes relative to succession.'' (*Estate of Wilson,* 184 Cal. 63 [193 Pac. 581]; *Ginochio* v. *San Francisco,* 194 Cal. 159 [228 Pac. 428]; *Estate of Watts, supra.*)

"The 'heirs' of a person are those whom the law appoints to succeed to his estate in case he dies without disposing of it by will.'' (*Hochstein* v. *Berghauser, supra.*)

Section 225 of the Probate Code relating to succession reads as follows: "No surviving spouse nor issue. If the decedent leaves neither issue nor spouse, the estate goes to his parents in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to his brothers and sisters and to the descendants of deceased brothers and sisters by right of representation.''

Sections 228 and 229 of the Civil Code and section 257 of the Probate Code, which determine the legal relation of the adopted child to the blood and adoptive parents after adoption, read as follows:

"228. Effect of adoption. A child, when adopted, may take the family name of the person adopting. After adoption, the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation.''

"229. Effect on former relations of child. The parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and all responsibility for, the child so adopted, and have no right over it.''

"257. Adopted child. An adopted child succeeds to the estate of one who has adopted him, the same as a natural child; and the person adopting succeeds to the estate of an adopted child, the same as a natural parent. An adopted child does not succeed to the estate of a natural parent when the relationship between them has been severed by the

adoption, nor does such natural parent succeed to the estate of such adopted child.''

In the *Estate of Pence*, 117 Cal. App. 323 [4 Pac. (2d) 202], in considering the claim of an adopted son to share in the estate of the sister of the predeceased adoptive parent, this court held he had no right to so inherit, because under the provisions of the statutes of adoption and our laws of succession, his right of inheritance was limited to the estate of his adoptive parent and that he was not an heir of his aunt by adoption.

In the case of *In re Darling*, 173 Cal. 221 [159 Pac. 606, 608], after a comprehensive survey of the authorities from this and other jurisdictions on the question of the right of an adopted child to inherit from blood and adoptive parents and the kin of such parents, the court says: ''So far as we have been able to find, there is no decision given under statutes anything like ours to the effect that the adopted child has any right of inheritance as to the ancestors or collateral kindred of the adopting parents, or is deprived by the adoption of any right of inheritance that he had as to the ancestor and collateral kindred of his parents by blood.'' This limitation of relation, so far as it affects the right of inheritance, has been given recognition by the commonly expressed declaration ''that an adopted child may inherit from his adoptive parent but not through him''. (*Estate of Pence, supra; Estate of Darling, supra.*)

In 1 Corpus Juris, 1401, it is said: ''In a few states the statutes expressly provide that an adopted child may inherit from certain relatives of the adoptive parent. In the absence, however, of such special provision, an adopted child cannot inherit from the collateral kindred of its adoptive parent, nor from the ancestor of such parent, nor from his natural children.''

In the case of *Hockaday* v. *Lynn*, 200 Mo. 456 [98 S. W. 585, 118 Am. St. Rep. 672, 9 Ann. Cas. 775, 8 L. R. A. (N. S.) 117], in discussing this question, the court said: ''In fact, it may be laid down as a general conclusion that, while the statute of adoption must be read into the statute of dower and that of descent and distribution, it is with this singularity, always to be observed, viz., that the adopted child is so let in only for the purpose of preserving in full its rights of inheritance from its adoptive parent, and the

door to inheritance is shut and its bolt shot at that precise point."

To the same effect is the holding in *Phillips* v. *McConica*, 59 Ohio St. 1 [51 N. E. 445, 69 Am. St. Rep. 753]; *In re Sunderland*, 60 Iowa, 732 [13 N. W. 655]; *Merritt* v. *Morton*, 143 Ky. 133 [136 S. W. 133, 33 L. R. A. (N. S.) 139]. In the following cases the right of an adopted child. to inherit from the brother of a predeceased adopting parent was denied: *Van Derlyn* v. *Mack*, 137 Mich. 146 [100 N. W. 278, 109 Am. St. Rep. 669, 4 Ann. Cas. 879, 66 L. R. A. 437]; *Moore* v. *Estate of Moore*, 35 Vt. 98; *Hockaday* v. *Lynn, supra*.

Respondent takes the position that the question of her right of inheritance in the intestate estate of Charles E. Jones is not germane to the question here involved, as she claims her right to take not "by inheritance or substitution, but by virtue of the very force and vigor of the will and intention of the testatrix as expressed .in her will and in the language of the succession statutes as an aid to her will".

In support of her position, respondent cites among a number of cases that of *Dickey* v. *Walrond*, 200 Cal. 335 [253 Pac. 706]. The court in that case had for decision the sole question as to the *quantum* of estate the appellant was entitled to take as an heir of his wife. The question arose after her death in connection with the distribution of a trust estate created by the will of W. J. Dickey, first husband of decedent. The devise in the will of W. J. Dickey, upon termination of a trust therein created, was to his wife, or in the event of her death before the termination of the trust, "to her heirs at law". The trial court distributed the trust estate in equal shares to appellant and the three sons of his deceased wife. In sustaining appellant's contention that as an heir of his wife under the statute of succession, he was entitled to one-third of the estate, the court declared that the heirs took under the will, "not by virtue of their relation to her (deceased wife of appellant) but as a designation of persons to take originally in their own right".

Conceding as we do the authority of this declaration in the interpretation of the language there under consideration, and conceding that the quoted language may well be applied to the devise before us, it does not provide an answer to

the question here presented, for we have the element of adoption as a vital factor in the instant case which was not involved in the Dickey case, and the additional fact that we are not seeking to determine the heirs of a deceased spouse and parent, as was the question in the cases cited by respondent, but the heirs of a collateral kin by adoption. Our statutes of adoption, according to the weight of authority, must be read into our succession laws, and when so considered, we find a barrier erected as against an adopted child which precludes him from being included among the heirs of any kin of the adoptive parents.

Hence, in determining who are the heirs of Charles E. Jones, whether it be for the purpose of distributing an estate to persons designated "to take originally in their own right", or for the purpose of determining who have a right of inheritance in his estate, recourse must be had to the same rule or measure, to wit: The law of succession and the statutes of adoption. If because the statutes of adoption when read into the law of succession close the door to Helen Elaine Jones, adopted daughter of Harry L. Jones, deceased, so that she has no right of inheritance in the estate of her adoptive uncle, then, by the same token, she is shut out from being included as one of his heirs. It is because one is an heir of a deceased person dying intestate that he is given the right of inheritance in such estate, and, conversely, if he is denied such right of inheritance, it is because he is not an heir.

We therefore conclude on this branch of the appeal that the trial court erred in decreeing that respondent Helen Elaine Jones was entitled "to a one-third distributive share of said estate".

Inasmuch as our conclusion on the question discussed requires a reversal of the judgment, a discussion of the point urged by appellant that the adoption proceedings were defective and, therefore, that respondent was not the legally adopted daughter of Harry L. Jones, would seem unnecessary.

In view of the fact that our decision is upon a question of law which is determinative of the right of the parties, a new trial of the cause will serve no useful purpose. It is therefore ordered that the judgment and decree is reversed, and that the trial court enter a judgment decreeing that

Helen Elaine Jones, respondent, is not entitled to any share in said estate, and that appellants are entitled thereto in equal shares.

Houser, Acting P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.