[Civ. No. 6165. Third Appellate District.—January 30, 1939.]

In the Matter of the Estate of JAMES J. STEWART, Deceased. STATE OF CALIFORNIA, Appellant, v. HAROLD CRAIG COFFEE et al., Respondents.

U. S. Webb, Attorney-General, Earl Warren, Attorney-General and Jean Morony, Deputy Attorney-General, for Appellant.

Bush & Ackley for Respondents.

TUTTLE, J.—This is an appeal from a judgment to the effect that respondents are the next of kin of James J. Stewart, deceased, and the only persons entitled to the distribution of the estate of said decedent.

On February 13, 1937, James J. Stewart died intestate, and the public administrator was appointed to administer his estate.

The record shows without dispute that Stewart died without leaving either issue, spouse, parent, brother, sister, or descendant of a deceased brother or sister, nor any blood kindred whatsoever. The record further shows that the respondents are children by adoption of Stewart's predeceased cousin, Mary Lancaster Coffee. These two adopted children petitioned the trial court that they be determined the next of kin of said Stewart, and therefore, entitled to succeed to his estate. The attorney-general appeared at the trial in opposition to the petition, claiming that the said estate escheated to the State of California, under the provisions of the Probate Code, section 231, for the reason that the petitioners were not the next of kin of said deceased. The trial court found that petitioners were entitled to succeed as heirs to the estate of decedent as his next of kin.

It is the contention of the state on this appeal that the evidence is insufficient to support the finding to the effect that respondents were the next of kin of said decedent.

The case involves the construction to be placed upon our statutes of adoption and succession, and the statutes on es-

cheat. The pertinent code sections relative to adoption·are the following:

Civil Code, section 228: "A child when adopted may take the family name of the person adopting. After adoption, the two shall sustain towards each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation."

Civil Code, section 229: "The parents of an adopted child are, from the time of the adoption, relieved of all parental duties towards, and all responsibility for, the child so adopted, and have no right over it."

Probate Code, section 257: "An adopted child succeeds to the estate of one who has adopted him, the same as a natural child; and the person adopting succeeds to the estate of an adopted child, the same as a natural parent. An adopted child does not succeed to the estate of a natural parent when the relationship between them has been severed by the adoption, nor does such natural parent succeed to the estate of such adopted child."

The statute on succession which is here involved is as follows:

Probate Code, section 226: "If the decedent leaves neither issue, spouse, parent, brother, sister, nor descendant of a deceased brother or sister, the estate goes to the next of kin in equal degree, excepting that, when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote."

The statute on escheat, under which the state lays claim to the estate of decedent, is the following:

Probate Code, section 231: "If the decedent leaves *no one* to take his estate or any portion thereof, under the laws of this state, the same escheats to the state as of the date of the death of the decedent." . . . (Italics ours.)

It will be noted from an examination of these provisions that there is no statutory authority giving an adopted person a right to inherit *through* an adoptive parent from a collateral kindred of the latter. It is our opinion that the position of appellant is sustained by the statutes and decisions in this state which are directly in point on the question involved. In the *Estate of Jones,* 3 Cal. App. (2d) 395, at page 398 [39 Pac. (2d) 847], the court held that an adopted

daughter had no right to share in the estate of a brother of the predeceased adoptive parent. We quote from that decision:

"In the case of *In re Darling*, 173 Cal. 221 [159 Pac. 606, 608], after a comprehensive survey of the authorities from this and other jurisdictions on the question of the right of an adopted child to inherit from blood and adoptive parents and the kin of such parents, the court says: 'So far as we have been able to find, *there is no decision given under statutes anything like ours to the effect that the adopted child, has any right of inheritance as to the ancestors or collateral kindred of the adopting parents,* or is deprived by the adoption of any right of inheritance that he had as to the ancestor and collateral kindred of his parents by blood.' This limitation of relation, so far as it affects the right of inheritance, has been given recognition by the commonly expressed declaration 'that *an adopted child may inherit from his adoptive parent but not through him*'. "

The same conclusion was reached in the *Estate of Pence*, 117 Cal. App. 323 [4 Pac. (2d) 202], wherein the court held that an adopted son has no right to share in the estate of a sister of a predeceased adoptive parent, on the ground that the claimant was not an heir of his aunt by adoption, because, by the provisions of the Statutes of Adoption and our laws of Succession, the right of inheritance was limited to the estate of his adoptive parent. The following language in that case is pertinent to the issues here involved: "The rights of inheritance of an adopted child, although complete in respect to the adopting parent, do not extend to the collateral relative of that parent."

An examination of the several cases relied upon by respondents shows that each of them related to the right of an adopted child to inherit as a lineal descendant of the adopting parent. The position of respondents seems to be that because their right to succeed is not opposed by any heirs of the blood, and only by the State of California, by reason of the Statute of Escheat, that therefore, rather than have the estate escheat to the State of California, the court should distribute the estate to respondents. "It is, they state, a presumption of law that every intestate has left someone on earth entitled to claim as his heir, however remote." As an abstract statement the foregoing quotation is doubtless correct, but this quotation must certainly be

restricted to those entitled to succeed by reason of a blood relationship. It is an elementary principle that the right to succession is entirely statutory, and consequently, we hold that the entire matter here has been fully dealt with by the legislature under the provisions of the Probate Code, section 257, quoted above. Had the legislature intended to enlarge the right of succession of an adopted child to inherit *through*, and not *from* the adopted parent, it would have so provided. As the law now stands, the sole right of an adopted child to succeed is restricted to the estate of the one who has adopted him. Were we to hold otherwise, we would be attempting to legislate by judicial opinion. If the matter presents the inequities and hardships suggested by respondents, relief must be sought through legislative channels and not through the judiciary.

We are of the opinion that the findings of the trial court to the effect that respondents were next of kin of the decedent, and entitled to succeed to his estate, is not supported by the evidence.

The judgment is reversed and the trial court directed to enter findings and judgment in accordance with this opinion. Appellant to recover costs on appeal.

Pullen, P. J., and Thompson, J., concurred.