[Civ. No. 11880.  First Dist., Div. Two.  Dec. 1, 1941.]

Estate of FRANCENA ELLA TIBBETTS, Deceased.  H. C. LAWTON, Appellant, v. MARION L. SWIFT, Respondent.

Bohnett, Hill, Cottrell & Boccardo and Henry G. Hill for Appellant.

George K. Ford and Simpson Finnell, Jr., for Respondent.

SPENCE, J.—This is an appeal by H. C. Lawton from those portions of a decree of distribution which distributed to Marion L. Swift a part of the estate of said deceased.

Francena Ella Tibbetts, deceased, a resident of California, died in this state leaving property herein.  She had made a will in this state in 1933 devising and bequeathing one-half of said property to her sister Annie M. Lawton, who was a

resident of Massachusetts. Said Annie M. Lawton predeceased the testatrix leaving surviving her H. C. Lawton, her son, and Marion L. Swift, her adopted daughter who had been duly adopted under the laws of Massachusetts. The probate court distributed the property, which had been devised and bequeathed to said Annie M. Lawton, deceased, to said H. C. Lawton, appellant, and said Marion L. Swift, respondent, in equal shares.

Appellant contends that the probate court erred in distributing any portion of the estate of Francena Ella Tibbetts, deceased, to respondent, but we are of the opinion that this contention cannot be sustained. It may be conceded that respondent was not an heir of the testatrix (*Estate of Stewart,* 30 Cal. App. (2d) 594 [86 Pac. (2d) 1071]; *Estate of Pence,* 117 Cal. App. 323 [4 Pac. (2d) 202]), but the question presented here is whether respondent, as the adopted daughter of the deceased sister of the testatrix, was entitled to share in the portion of the estate of the testatrix devised and bequeathed to said deceased sister, by virtue of the so-called anti-lapse section of the Probate Code (sec. 92). Said section reads in part as follows: " . . . when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants . . . such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."

It is admitted that Annie M. Lawton, deceased, was a "kindred" of the testatrix and that she died before the death of the testatrix. The only question then is whether respondent, who is admittedly the duly adopted daughter of Annie M. Lawton, deceased, is a "lineal descendant" of said Annie M. Lawton, deceased.

Under the law of this state, there is no doubt that an adopted child is a "lineal descendant" of the adopting parent (Probate Code, secs. 228 and 257; *Estate of Mercer,* 205 Cal. 506 [271 Pac. 1067]; *Estate of Winchester,* 140 Cal. 468 [74 Pac. 10]) and it has been specifically held that an adopted child is a "lineal descendant" of the adopting parent within the meaning of said section 92 of the Probate Code. (*Estate of Moore,* 7 Cal. App. (2d) 722 [47 Pac. (2d) 533, 48 Pac. (2d) 28]; see also 25 Cal. Law Rev. 81, 85.) But appellant discusses at some length the law of Massachusetts and he

relies strongly upon *Gammons* v. *Gammons,* 212 Mass. 454 [99 N. E. 95], in support of his contention.

It appears that an adopted child is also a "lineal descendant" of the adopting parent under the law of Massachusetts and we find no substantial difference between the law of that jurisdiction and the law of this state with respect to the right of an adopted child to succeed to the property of the adopting parent. (Chapter 210, General Laws of the Commonwealth of Massachusetts.) But appellant apparently claims that because a child adopted in Massachusetts acquires no rights under the anti-lapse statute of Massachusetts (*Gammons* v. *Gammons, supra*), such adopted child may acquire no rights under the anti-lapse statute of California under the circumstances before us. We cannot follow this reasoning.

We are of the opinion that the terms of the Massachusetts anti-lapse statute are wholly immaterial here. The testatrix was a resident of California and made her will here disposing of property situated in this state. The anti-lapse statute of this state must be read into said will (*Estate of Pew,* 10 Cal. App. (2d) 41 [50 Pac. (2d) 1045]; *Larrabee* v. *Tracy,* 39 Cal. App. (2d) 593 [104 Pac. (2d) 61]), and the persons acquiring rights under said statute acquire such rights as "statute-made" devisees or legatees. (*Estate of Pew, supra,* p. 44; *Larrabee* v. *Tracy, supra,* p. 601.) Such rights are acquired regardless of whether such persons are or are not heirs of the testatrix. The only statutes of Massachusetts which are material here are the statutes of that state relating to adoption and such statutes are material only for the purpose of determining whether respondent attained the status of a "lineal descendant" of Annie M. Lawton, her adopting parent, by virtue of her adoption under said statutes. Whether the State of Massachusetts has or has not an anti-lapse statute, or what the terms of such statute may be, are questions which are of no significance in this discussion. The reference to the law of the adopting state, as found in *Estate of Moore, supra,* at page 724, was undoubtedly made only with respect to the law of that state relating to adoption and giving to the adopted child the status of a lineal descendant of the adopting parent and not with respect to the anti-lapse statute, if any, of the adopting state.

■ We therefore conclude that respondent was a "lineal descendant" of Annie M. Lawton, her adopting parent, and that the trial court correctly distributed the portion of the estate which was devised and bequeathed to said Annie M. Lawton, deceased, to both respondent and appellant.

The portions of the decree from which this appeal was taken are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1942.