[Civ. No. 15720. First Dist., Div. Two. Sept. 17, 1953.]

Estate of LENA KRUSE, Deceased. MINNIE SHIPMAN, Appellant, v. ERNEST KRUSE et al., Respondents.

Brandenburger & White for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark for Respondents.

DOOLING, J.—This is an appeal from a decree determining heirship. The appellant is the adopted daughter of John Kruse, a predeceased brother of the intestate decedent, and the respondents are surviving brothers of said intestate decedent. The decree determined that appellant is not an heir of the decedent.

The applicable statute of succession is Probate Code, section 225: "If the decedent leaves neither issue nor spouse, the estate goes to his parents . . . or if both are dead in equal shares to his brothers and sisters and to the descendants of deceased brothers and sisters by right of representation."

Appellant claims as a "descendant" of a deceased brother. The uniform current of case law in this state is opposed to appellant's contention. The decisions commence with *In re Darling*, 173 Cal. 221 [159 P. 606]. The precise holding in that case was that an adopted child may, despite the adoption, inherit from his grandfather by blood. In the course of its discussion the Supreme Court stated at page 226: "So far as we have been able to find, there is no decision given under statutes anything like ours to the effect that the adopted child has any right of inheritance as to the ancestors or collateral kindred of the adopting parents, or is deprived by the

adoption of any right of inheritance that he had as to the ancestor and collateral kindred of his parents by blood.''

Since this decision it has been consistently held that an adopted child while he inherits *from* his adopting parents does not inherit *through* them from the relatives of the adopting parents. (*Estate of Pence*, 117 Cal.App. 323, 332-333 [4 P.2d 202]; *Estate of Jones*, 3 Cal.App.2d 395 [39 P.2d 847]; *Estate of Stewart*, 30 Cal.App.2d 594 [86 P.2d 1071]; *Estate of Pierce*, 32 Cal.2d 265, 269 [196 P.2d 1]; Prob. Code, § 257.)

█ Appellant relies on a series of cases construing the antilapse provision of Probate Code, section 92: ''when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants . . . such descendants take the estate so given by will. . . .'' These cases hold an adopted child to be a ''lineal descendant'' of his adopting parent within the meaning of this section. (*Estate of Moore*, 7 Cal.App.2d 722 [47 P.2d 533, 48 P.2d 28]; *Estate of Tibbetts*, 48 Cal.App.2d 177 [119 P.2d 368]; *Estate of Esposito*, 57 Cal.App.2d 859 [135 P.2d 167].)

Whatever logical inconsistency may appear to exist between these two lines of cases (and in an article in 25 Cal.L.Rev. at pp. 85-87 it is argued that there is no inconsistency), the very cases relied upon by appellant, while construing Prob. Code section 92 as including adopted children among ''lineal descendants,'' recognize that this is not the rule in construing the statutes with regard to intestate succession. Thus in *Estate of Tibbetts, supra,* 48 Cal.App.2d at page 178, the court says: ''It may be conceded that respondent was not an heir of the testatrix,'' citing the Stewart and Pence cases. So in *Estate of Esposito, supra,* 57 Cal.App.2d at page 863 the court reviews the two lines of cases and concludes: ''If those cases were correctly decided, as we believe they were, the right to take a legacy under section 92 is entirely independent of a right to inherit through the deceased devisee or legatee.''

· █ The contention that there should be a distinction between ''next of kin'' statutes, such as Probate Code section 226, and a statute using the word ''descendant,'' as in Probate Code section 225, is answered by the fact that *Estate of Jones, supra,* 3 Cal.App.2d 395, construed section 225 as not giving a right of inheritance to an adopted child.

*Estate of Mercer,* 205 Cal. 506 [271 P. 1067], involved the right of an adopted child to take community property which had passed from her adopting father to his widow. It involved therefore the right to inherit, although indirectly, *from* the adopting parent, not *through* him. *Estate of Garcia,* 34 Cal. 2d 419 [210 P.2d 841], involves the rights of an illegitimate child who has been legitimated and is not in point on the question of the rights of an adopted child who is a stranger to the blood.

The fact that appellant was adopted in Nebraska cannot affect her rights of inheritance in California, further than to determine her status as an adopted child. The right to inherit in California depends on the statutes of California not those of Nebraska. (*Estate of Grace,* 88 Cal.App.2d 956, 959 [200 P.2d 189]; 2 Cal.Jur.2d 467.)

Decree affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 12, 1953.