[Civ. No. 5650. Fourth Dist. Apr. 25, 1958.]

Estate of NELLIE PFADENHAUER, Deceased. MAR-GUERITE O'REILLY, Respondent, v. DORA HECHT, Appellant.

Burford, Hubler & Burford for Appellant.

Guy Knupp, Jr., for Respondent.

BARNARD, P. J.—This is an appeal from a decree establishing who are entitled to distribution under a will executed by the deceased in 1939. At that time her nearest kindred were two sisters, Susan Dennis and Kate Armstrong. In her will the testatrix left $100 to her church and provided that the remainder of her estate should go as follows: A one-third interest to her sister Susan Dennis, a one-third interest to her sister Kate Armstrong, a one-sixth interest to her niece Dora Kirby, and a one-sixth interest to her niece Marguerite O'Reilly.

The fourth paragraph of this will reads:

"I have purposely made no provision for any other person, whether claiming to be an heir of mine or not, and if any person, whether a beneficiary under this will or not, or mentioned herein, shall contest this will or object to any of the provisions hereof, I give to such person so contesting or objecting the sum of one ($1.00) Dollar and no more, in lieu of the provisions which I have made, or which I might have made, for such person so contesting or objecting. In connection with this paragraph I specifically have in mind all of my relatives not herein specifically mentioned, and it is my will and wish that none of my said relatives other than those specifically herein mentioned receive anything from my estate."

The testatrix died on October 30, 1950, leaving no spouse and no issue, and both Susan Dennis and Kate Armstrong had died before that date. Kate Armstrong was survived by her daughters Dora Kirby and Marguerite O'Reilly, who were both living when the testatrix died. The lineal descendants of Susan Dennis, who were living at the date of the death of testatrix, included a son, five daughters and four children of a deceased son.

The will was admitted to probate and in due course Marguerite O'Reilly filed a petition for a determination as to the persons entitled to distribution, alleging that she and Dora Kirby are entitled to have all of the estate, except the gift to the church, distributed to them in equal shares. This claim was based on the contention that since the survivors of Susan Dennis were not mentioned in the will they were excluded, by the fourth paragraph, from receiving any part of the estate. A claim of interest in the estate was filed by Dora Hecht, a daughter of Susan Dennis, on the ground that the lineal descendants of Susan Dennis are entitled to her one-third of the residue of the property of said estate. After a hearing the court found and concluded that by virtue of the last sentence of the fourth paragraph of the will the testatrix died intestate as to the one-third of the residue she had bequeathed to Susan Dennis; that the will had made no disposition of that one-third interest; that Dora Kirby and Marguerite O'Reilly were entitled to one-half of the one-third interest bequeathed to Susan Dennis in addition to the shares specifically bequeathed to them in the will; and that the other half of the one-third interest bequeathed to Susan Dennis should be distributed to her

children and grandchildren in certain named proportions. A decree was entered accordingly, from which Dora Hecht has appealed.

The facts are undisputed and the sole question presented is whether the lineal descendants of Susan Dennis are entitled to her share of the residue of this estate under section 92 of the Probate Code, or whether the last sentence of the fourth paragraph of this will prevents the operation of section 92. That section provides in part: ". . . when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants . . . such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator."

In passing on the effect of section 92 the court said in *Estate of Tibbetts*, 48 Cal.App.2d 177 [119 P.2d 368] : "The anti-lapse statute of this state must be read into said will [Citations], and the persons acquiring rights under said statute acquire such rights as 'statute-made' devisees or legatees. [Citations.] Such rights are acquired regardless of whether such persons are or are not heirs of the testatrix." And in *Estate of Pierce*, 32 Cal.2d 265 [196 P.2d 1], it is said: "Although a beneficiary takes directly under the will of the testator under such an anti-lapse statute, he does so because the statute substitutes him for the predeceased devisee or legatee. He takes, not by virtue of the expressed intentions of the testator, but solely by virtue of the statute."

It clearly appears that this testatrix intended to dispose of her entire estate and that she did not intend intestacy as to any part of it. Although she attempted to dispose of all of her estate by specific gifts she did not provide for any substitute in the event any such devisee or legatee should die during her lifetime. Section 92 of the Probate Code provides for such a substitute under the circumstances which here appear, and that section must be read into this will and is operative unless a contrary intention appears in the will itself. Although this testatrix could have provided against the operation of this statute (*Larrabee* v. *Tracy*, 21 Cal.2d 645 [134 P.2d 265]) she did not expressly do so, and the language of her will does not indicate such an intention. In the last sentence of the fourth paragraph of her will (the exclusion clause relied on by the respondent) she refers only to relatives who are not specifically mentioned in her will. Since the relatives thus referred to would be her remaining

possible heirs at law the effect is the same as that of the disinheritance clause considered in the decision in *Larrabee* v. *Tracy*. While this testatrix expressed an intention to exclude the relatives not named, with respect to any claim they might have as such relatives, she expressed no intention to exclude them as lineal descendants of the named devisees and legatees, and no such intention is in any way indicated by the fact that she excluded any direct claim that might be made by these unnamed relatives, claiming as such relatives or in opposition to the gifts specifically made.

Instead of disclosing an intention to provide against the operation of section 92, the clause in question indicates an intention merely to provide that no claim by one of these unnamed relatives should be allowed to interfere with the specific gifts to the named relatives which she had expressly made. While the intention clearly appears that these gifts were not to be interfered with by the claim of any unnamed relative, the very fact that she made no attempt to provide for a substitute in the event one of the named devisees or legatees predeceased her indicates an intention not to provide against the operation of section 92, rather than the contrary. Her expressed intention to exclude relatives claiming in opposition to the gifts made in the will in no way indicates an undisclosed intention to exclude the lineal descendants of a named devisee or legatee who might not be living at the time of her own death.

It would be unreasonable to interpret the expressed wish that none of her unnamed relatives receive anything from her estate as meaning that such a person should never receive any of her property, under any circumstances. If her sister Susan had outlived the testatrix, Susan's children could later have received their mother's share of this property without in any way violating any intention expressed by this testatrix, and the will does not indicate any desire on the part of the testatrix to prevent such a result. Section 92 brings about the same result under the circumstances which here appear. It was designed for that very purpose, in order to prevent an intestacy with respect to a devisee or legatee in such a situation where no contrary intention is expressed in the will. To hold that an intestacy here resulted, with respect to Susan Dennis' one-third share, would be contrary to the intention of this testatrix, as disclosed by the will as a whole. She clearly intended to dispose of all of her estate, and it seems equally clear

that she intended to exclude her unnamed relatives merely as heirs at law and not as lineal descendants of one of the devisees or legatees to whom she had made a specific gift.

The fourth paragraph of this will does not sufficiently disclose an intention to provide against the operation of section 92; that section is here applicable; and this will is to be read as if the lineal descendants of Susan had been named in her place. (*Estate of Esposito*, 57 Cal.App.2d 859 [135 P.2d 167].) It follows that the court erred in holding that the deceased died intestate as to the third interest she had bequeathed to Susan Dennis, and in finding that the lineal descendants of Susan Dennis are not entitled to take and receive her share in this estate.

The decree appealed from is reversed with instructions to enter a decree providing for a distribution, in due course, in accordance with the views herein expressed.

Griffin, J., and Mussell, J., concurred.