181 Cal.App.4th 1433 (2010)
Estate of NELLIE G. TOLMAN, Deceased.
DEBORAH C. TOMLINSON, Petitioner and Appellant,
v.
MICHAEL J. JENNINGS, Objector and Respondent.
No. B215644.
Court of Appeals of California, Second District, Division Eight.
February 11, 2010.
*1434 Robert A. Clinco for Petitioner and Appellant.
Law Offices of Peggi Collins, Peggi Collins; Law Offices of Lawrence M. Markey, Jr., and Lawrence M. Markey, Jr., for Objector and Respondent.

OPINION
LICHTMAN, J.[*]
Deborah C. Tomlinson, granddaughter of decedent Nellie G. Tolman, appeals from the order denying her petition to determine persons entitled to distribution from Tolman's estate. Applying Probate Code section 21110, an antilapse provision, the trial court concluded that Tolman's grandson Michael J. Jennings (respondent) was among those entitled to inherit the residue of the estate, as issue of his mother Betty Jo Miller, the *1435 predeceased residual beneficiary.[1] The court rejected appellant's contention that the will reflected Tolman's controlling intent that Jennings and other issue of Miller not take from the estate. We affirm the order.

FACTS
The record reflects that Tolman was married to Lloyd E. Tolman, who predeceased her, and with whom she had two children, Lloyd C. Tolman and Betty Jo Miller. Appellant and Laurie Onan are the surviving children of Lloyd C. Tolman, and thus granddaughters of the decedent. Respondent is the surviving son of Miller, and grandson of the deceased. Additionally, Tolman was survived by three great-grandchildren, who are children of respondent's deceased sisters and grandchildren of Miller (hereafter Miller's grandchildren).[2]
Tolman's 1981 will bequeathed all of her property to her husband. It provided, however, that if he predeceased her, her granddaughters, appellant and Onan, each would receive $10,000, and the remainder of the estate would go to Tolman's daughter, Miller. The bequests to appellant and Onan each provided that if the designee predeceased Tolman, "this gift shall lapse." No such proviso, or any alternative disposition, appeared in the residual bequest to Miller.
Paragraph 7 of the will stated: "Except as otherwise specifically provided for herein, I have intentionally omitted to provide herein for any of my heirs who are living at the time of my demise, and to any person who shall successfully claim to be an heir of mine, other than those specifically named herein, I hereby bequeath the sum of ONE DOLLAR ($1.00)."
As stated, Miller died before Tolman, requiring resolution of the proper disposition of Miller's residual bequest. The named executor being deceased, appellant and respondent each filed petitions for probate of the will and for letters of administration with the will annexed. Appellant's petition estimated the value of the estate's property at slightly under $1 million.
Shortly after filing the petition for probate, appellant filed under section 11700 a petition to determine persons entitled to distribution. The petition alleged that neither Jennings nor Miller's grandchildren were entitled to inherit under the will, which did not provide for them. However, they were asserting entitlement under section 21110, subdivision (a). That subdivision provides that if a transferee by will fails to survive the transferor, "the *1436 issue of the deceased transferee take in the transferee's place ...." Subdivision (b) of section 21110 qualifies subdivision (a) by providing: "The issue of a deceased transferee do not take in the transferee's place if the instrument expresses a contrary intention or a substitute disposition. . . ."[3] Appellant alleged that the will's paragraph 7 expressed Tolman's intention that an heir whom she had not named in the will should not inherit.
In its statement of decision, the trial court ruled in favor of respondent, and Miller's grandchildren. The court first observed that Tolman's gift of the residue to Miller, unlike her gifts to appellant and Onan, did not provide for lapse should Miller not survive Tolman. This omission did not "express an intention that the issue of Betty Jo Miller not succeed to her share."
It had been stipulated, the court noted, that Miller's descendants were "heirs." Appellant accordingly asserted that paragraph 7 of the will barred them from taking pursuant to it, while the descendants argued that their right to take was not as heirs, but was solely based on their "being the lineal descendants of a deceased devisee, Betty Jo Miller." The court stated the issue as being whether paragraph 7 was sufficient, under section 21110, subdivision (b), to preclude Miller's descendants from taking as lineal descendants.
The trial court concluded that paragraph 7 did not have that effect. The court relied chiefly on two cases, similar to the present one, under former section 92, the predecessor of section 21110Estate of Pfadenhauer (1958) 159 Cal.App.2d 686 [324 P.2d 693] (Pfadenhauer), and Larrabee v. Tracy (1943) 21 Cal.2d 645 [134 P.2d 265] (Larrabee).[4] The court ruled that *1437 paragraph 7 "did not contain specific language that would be sufficient to bar a lineal descendant's right to inherit as the issue of a named deceased beneficiary," and therefore respondent and Miller's grandchildren should take under section 21110. The order denying appellant's petition followed.

DISCUSSION
Appellant contends that the trial court erred as a matter of law in its construction and application of paragraph 7, as not manifesting Tolman's intent to preclude respondent and Miller's grandchildren from taking in Miller's place, under section 21110. In support, appellant also argues that cases decided under former section 92, on which the court relied, were inapplicable, because the former statute provided for an "absolute" right to inherit, which was not rebuttable by the testator's expressed intent. Appellant is incorrect in both respects.
(1) In paragraph 7 of her will, Tolman expressed her intent not to provide for any of her unmentioned heirs, and limited to $1 the recovery of any person outside the will who successfully claimed to be her heir. The trial court ruled that this provision did not manifest an intention to preclude Miller's issue from succeeding to the residue of the estate under section 21110, subdivision (a). The court's ruling is strongly supported by the facts and reasoning of the two decisions on which it principally relied.
In Larrabee, supra, 21 Cal.2d 645, the court affirmed a judgment for extrinsic fraud, obtained by the daughter of a predeceased legatee against an executor who had excluded her from the final decree. The executor contended that the plaintiff had been disinherited, under a clause in the will that disinherited all persons "`claiming to be or who may be lawfully determined to be my heirs at law, except as otherwise mentioned in this will.'" (Id. at p. 648.) The Supreme Court held that the plaintiff had been entitled to her mother's bequest under former section 92.
The court explained, "Although a will may provide against the operation of this statute, the disinheritance clause . . . does not do so. It purports to exclude only those claiming as heirs at law of the testator, while [plaintiff] relies solely upon her status as the lineal descendant of [her mother] under section 92, supra. As said in Estate of Tibbetts [(1941)] 48 Cal.App.2d 177, 179 [119 P.2d 368]: `the persons acquiring rights under said statute acquire such rights as "statute-made" devisees or legatees. . . . Such rights are *1438 acquired regardless of whether such persons are or are not heirs of the testatrix.'" (Larrabee, supra, 21 Cal.2d at p. 649.)
Equally if not more instructive is Pfadenhauer, supra, 159 Cal.App.2d 686. The will there contained a paragraph in which the testatrix declared her purposeful intent not to provide for any person not mentioned in the will, "`whether claiming to be an heir of mine or not,'" and bequeathed only $1 to anyone who contested or objected to the will's provisions. (Id. at p. 687.) The provision concluded, "`I specifically have in mind all of my relatives not herein specifically mentioned, and it is my will and wish that none of my said relatives other than those specifically herein mentioned receive anything from my estate.'" (Ibid.) The will left shares of the residue to two of the testatrix's daughters, and also to the two children of one of those daughters (grandchildren). They sought a determination that they were entitled to the entire residue, because the other predeceased daughter's numerous descendants were excluded under the paragraph just quoted.
The court held that former section 92 defeated this claim. "[T]hat section must be read into this will and is operative unless a contrary intention appears in the will itself. Although this testatrix could have provided against the operation of this statute [citing Larrabee, supra, 21 Cal.2d 645] she did not expressly do so, and the language of her will does not indicate such intention." (Pfadenhauer, supra, 159 Cal.App.2d at p. 688.) The court explained that the will's language sought to provide that no claim by an unmentioned relative would displace the specific gifts made to named relatives. There was no expressed intention flatly to exclude the descendants of those legatees, per se. (Id. at pp. 689-690.)
(2) Larrabee, supra, 21 Cal.2d 645, and Pfadenhauer, supra, 157 Cal.App.2d 686, support and confirm the trial court's holding with respect to the present applicability of section 21110, notwithstanding paragraph 7 of the will. Both cases support the contention that exclusion of unmentioned heirs or relatives from the will's dispositions, or an intent to disinherit those who contest those dispositions, does not sufficiently express or manifest an intent to arrest the operation of the antilapse law following a legatee's death. These decisions provide a guide for measuring the intent of testators whose wills have been drafted with presumptive knowledge of the cases and their interpretations. From both perspectives, the trial court here reached a sound decision.
(3) The significance of Larrabee, supra, 21 Cal.2d 645, and Pfadenhauer, supra, 157 Cal.App.2d 686, is not diminished by the fact that they applied former section 92, rather than its current successor, section 21110. Both cases turned on whether the expressed intention of the testator clearly displaced the *1439 application of former section 92. We do not agree with appellant's assertion that the predecessor statute operated without regard to the testator's intent. As stated in a decision that held former section 92 not controlling because of the testator's expression of intent, "It is well settled that the California antilapse statute will not be applied where the testator has expressed, with sufficient clarity, a contrary intention." (Estate of Salisbury (1978) 76 Cal.App.3d 635, 639 [143 Cal.Rptr. 81].) But that was not the case here.

DISPOSITION
The order under review is affirmed. Respondent shall recover costs.
Bigelow, P. J., and Rubin, J., concurred.
NOTES
[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
[1] Undesignated section references are to the Probate Code.
[2] Although affected by the order under review, Miller's grandchildren are not parties to this appeal.
[3] The full text of section 21110 is: "(a) Subject to subdivision (b), if a transferee is dead when the instrument is executed, or fails or is treated as failing to survive the transferor or until a future time required by the instrument, the issue of the deceased transferee take in the transferee's place in the manner provided in Section 240. A transferee under a class gift shall be a transferee for the purpose of this subdivision unless the transferee's death occurred before the execution of the instrument and that fact was known to the transferor when the instrument was executed. [¶] (b) The issue of a deceased transferee do not take in the transferee's place if the instrument expresses a contrary intention or a substitute disposition. A requirement that the initial transferee survive the transferor or survive for a specified period of time after the death of the transferor constitutes a contrary intention. A requirement that the initial transferee survive until a future time that is related to the probate of the transferor's will or administration of the estate of the transferor constitutes a contrary intention. [¶] (c) As used in this section, `transferee' means a person who is kindred of the transferor or kindred of a surviving, deceased, or former spouse of the transferor."
[4] Section 92, a previous antilapse statute, closely resembled section 21110, subdivision (a). It provided: "If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute another in his place; except that when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, or is dead at the time the will is executed, but leaves lineal descendants surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator." (Italics added.)