## Savells, et al. v. Brown's Guardian, et al.

(Decided February 20, 1920.)

### Appeal from Trigg Circuit Court.

1. Deeds—Construction—Intention of Grantor.—Deeds should be construed so as to effectuate the intention of the grantor as gathered from the whole instrument, and where it appears that the grantor intended to vest in the grantee a less estate than the fee, his purpose will not be defeated by any technical rule of construction but will be carried into effect.

2. Deeds—Construction.—A deed construed and held to convey to the grantee a life estate with remainder to his children, but in case the grantee had no children, the property, after the death of the grantee's wife, was to go to the daughter of the grantor or her children.

3. Deeds—Construction—Remainder—Adopted Person.—Where a conveyance is made by one, who is a stranger to the adoption, to a person for life with remainder to his children, but in case he has no children, then to others, the word "children" does not

include an adopted child unless the language of the instrument makes it clear that it was so intended.

G. P. THOMAS and G. E. FORSHEE for appellants.

DENNY P. SMITH, G. W. RYAN and N. W. UTLEY for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The question presented on this appeal is the proper construction of the following deed:

"This indenture made and entered into this the first day of May, 1890, by and between J. H. Brown and G. R. Brown, his son, all of Trigg county, state of Kentucky: Witnesseth that the said J. H. Brown makes this deed of gift to G. R. Brown his son of the following tracts or parcels of land. This deed of gift is to take effect at the said J. H. Brown's death, said J. H. Brown reserving all the land during his natural life, and further deeds the following lands to G. R. Brown's children at the death of G. R. Brown and wife, provided G. R. Brown should die without children these lands at G. R. Brown's and wife's death is to belong to my daughter, Mary A. Franklin or to my grandchildren or their heirs, although if G. R. Brown and wife, Arzella Brown should leave children then this lands is to be theirs at said G. R. Brown's and wife's death, the following tracts of land and bounded as follows: (Here follows a description of the property.)

"To have and to hold unto the said G. R. Brown after my death, G. R. Brown's death, and his children if he (G. R. Brown) leaves children, and if he (G. R. Brown) leaves no children then to Mary A. Franklin or her children at the death of G. R. Brown and his wife forever with covenant of general warranty. Given under my hand this the 1st day of May, 1890."

The facts are as follows: At the time of the conveyance, the grantor, J. C. Brown, had two children, G. R. Brown and Mary A. Franklin. G. R. Brown and his wife, Arzella Brown, lived with the grantor on the land in controversy. The grantor died about a year after the execution of the deed. On September 24, 1903, G. R. Brown and wife adopted the infant, Felmer Spurrier Brown. Thereafter, G. R. Brown died, and subsequently his widow, Arzella Brown, married A. S. Savells. G. R. Brown and wife never had any children. After the

death of G. R. Brown, Mary A. Franklin, the grantor's daughter, died leaving as her only heirs at law a daughter, Mrs. Millie Birdsong, and Eury Savells, the only child of her deceased daughter.

This suit was brought by the guardian of Felmer Spurrier Brown, the adopted daughter of G. R. Brown and wife, and Felmer Spurrier Brown, for a construction of the deed. The court adjudged that G. R. Brown took the fee, and that upon his death the land passed to his adopted child, Felmer Spurrier Brown, subject to the life estate of his widow, Arzella Brown Savells. Eury Savells and others appeal.

It is the settled rule in this state, that deeds should be construed so as to effectuate the intention of the grantor as gathered from the whole instrument, and where it appears that the grantor intended to vest in the grantee a less estate than a fee, his purpose will not be defeated by any technical rule of construction, but will be carried into effect. Wilson v. Moore, 146 Ky. 679, 143 S. W. 431; Lawson v. Todd, 129 Ky. 133, 110 S. W. 412. While the deed in question departs somewhat from the prevailing form, there is no doubt as to what the grantor intended. Though the deed is described as a "deed of gift to G. R. Brown, his son," the subsequent provisions, which are repeated over and over again, make it clear that the son was to have only a life estate with remainder to his children, but if he left no children, the property at the death of his wife was to go to the grantor's daughter, Mary A. Franklin, or her children.

Of course, the adopted child, Felmer Spurrier Brown, cannot take under the deed, as a child of G. R. Brown, the rule being that where a conveyance is made by one who is a stranger to the adoption, to a person for life with remainder to his children, but in case he has no children, then to others, the word "children" does not include an adopted child unless the language of the instrument makes it clear that it was so intended. Woodcock's Appeal, 103 Me. 214, 125 A. S. R. 291; In Re Leask, 197 N. Y. 193, 90 N. E. 652, 134 A. S. R. 866, 27 L. R. A. (N. S.) 1158.

Since G. R. Brown did not take the fee but only a life estate in the property and since Felmer Spurrier Brown is not a child of G. R. Brown within the meaning of the deed, it necessarily follows that she has no interest in the property and that the court should have adjudged

that the daughter and grandson of Mary A. Franklin were the owners of the property subject to the life estate of Arzella Brown Savells.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.