# Eversole v. Kentucky River Coal Corporation et al.

June 23, 1944.

As Modified on Denial of Rehearing Oct. 10, 1944.

J. B. Eversole for appellant.

Samuel M. Wilson for Kentucky Union Co., amicus curiae.

P. T. Wheeler and C. D. Carpenter for appellee Kentucky River Coal Corporation.

Barney Baker for appellees Al Eversole and others.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

In the year 1878 Woolery G. Eversole executed and delivered a deed to Lincoln Eversole, whereby he conveyed approximately 500 acres of land to Lincoln for life, and the remainder over to Lincoln's heirs. The deed recited the consideration to be the sum of $100. A short while before Lincoln Eversole's death in 1938, he adopted appellant, Isaac Eversole, as his heir at law. This action was instituted against the Kentucky River Coal Corporation for a partition of the land conveyed in the deed above referred to. The plaintiffs are the

nearest natural kinsmen of Lincoln Eversole. Conceiving that, by reason of his adoption, he is entitled to the ownership and possession of the land under the provisions of the deed above mentioned, appellant intervened and asserted his claim. After the petition was filed, the Kentucky River Coal Corporation purchased the interest the original plaintiffs had in the property in dispute. The trial court sustained a demurrer to the intervening petition of appellant, and, upon his refusal to plead further, entered judgment dismissing his petition.

Previous to the enactment of KRS 405.200, the law was well settled in this jurisdiction that an adopted child inherits from his foster parent, but does not inherit through such parent from the latter's kindred. Atchison v. Atchison's Ex'rs., 89 Ky. 488, 12 S. W. 942, 11 Ky. Law Rep. 705; Merritt v. Morton, 143 Ky. 133, 136 S. W. 133, 33 L. R. A., N. S., 139; Sanders v. Adams, 278 Ky. 24, 128 S. W. 2d 223; Woods v. Crump, 283 Ky. 675, 142 S. W. 2d 680. The section of the Statutes above cited was enacted by the General Assembly in its regular session of 1940, approximately 18 months after the death of Lincoln Eversole, and is not applicable to the case under consideration, because the rights of the parties were fixed in the year 1938 under the law in effect at that time. Appellant concedes that previous to the enactment of KRS 405.200, this court was committed to the rule that an adopted child may not inherit from the kindred of his foster parent, but insists that the consideration recited in the deed shows Lincoln to have been the purchaser of the land; and, that being true, the remainder interest in the property is a direct inheritance from the foster parent, and not from the latter's kindred.

At the time of the execution of the deed under consideration, Woolery Eversole executed similar deeds to his other children, the recited consideration in each of which, with one exception, is $100; the one exception is the deed conveying the land on which a residence was situate. All of the deeds are similar, and convey the several tracts of land to the children of the grantors, or their spouses, for life, and to their heirs at their death. Two of the deeds heretofore have been construed by this court as conveying life estates to the children, with remainder to the heirs. Combs v. Fields, 211 Ky.

842, 278 S. W. 137; Thomas v. Combs, 259 Ky. 93, 82 S. W. 2d 188. Property rights have been acquired by appellee, in the light of these opinions. That being true, under the doctrine of stare decisis, we feel constrained to give the deed under consideration in this case a like construction. As said in Fisher v. Lott, 110 S. W. 822, 823, 33 Ky. Law Rep. 609:

"Whatever doubt we may have had concerning the construction placed upon this clause of the will is resolved in favor of that consistency which ought to prevail in the opinions of the court concerning identical matters, particularly where the title to real estate is involved, and upon the faith of which previous opinion the public may have been led into a sense of security in trafficking in these titles, relying upon the presumption that, when once authoritatively construed by the court of last resort of the state, that construction is conclusive."

The fact that the grantor on the same day executed deeds to all of his children for approximately the same amount of land raises the presumption that he was making a distribution of his real estate to his children and heirs before his death. That being true, the further presumption must be indulged that by the use of the word "heirs", the grantor intended to confine the inheritance to the issue of his own body, and not to a stranger to be selected by the life tenant. That brings the case squarely within the rule announced in Woods v. Crump, supra, to which reference is made, obviating the necessity of further exposition

The judgment is affirmed.

Whole Court sitting.