## Isaacs v. Manning et al.

February 24, 1950.

Ray C. Lewis, Judge.

E. L. McDonald and Angus W. McDonald for appellant.

Charles C. Smith, John D. White, Harbison, Kessinger, Lisle & Bush and M. Harbison for Security Trust Co., trustees.

CLAY, COMMISSIONER—Reversing.

This action was brought for division of part of the trust estate left under the will of Dr. I. S. Manning. The question presented on this appeal involves the interest which an adopted daughter of one of the testator's sons has in the estate.

Dr. Manning died in 1918 leaving a will written in 1914. His entire estate was left in trust for the benefit of his five children in equal shares for and during their natural lives. The will provided (our italics): "Upon the death of any of my five children aforesaid (herein named) the trust as to the fifth part of my estate allotted to the one so dying shall cease and the estate held for such child shall be paid over to *the legal heirs of such deceased child.*"

Appellant is the child of one of the sons, Lawrence. In 1912 she was legally adopted by another son, Charles. Charles died in 1947 without leaving issue. Appellant now claims a one-fifth interest in the estate as the only "legal heir" of Charles.

Under the statute in effect at the date of the testator's death, Carroll's Kentucky Statutes, section 2071, and by virtue of the adoption proceedings, appellant was legally adjudged the "heir at law" of her adoptive father. Over a year before the will was written this adoption had taken place, and we must assume that the testator had knowledge of it. Whether he did or not, it is difficult to imagine terminology of broader scope than "legal heirs." Where no language showing a contrary intent appears in the will, an adopted daughter clearly falls within the class designated. See 1 Am. Jur., Adoption of Children, Section 64; Restatement, Property, Section 305; and notes in 70 A. L. R. 621 and 144 A. L. R. 671.

Appellees rely on the case of Woods v. Crump et al., 283 Ky. 675, 142 S. W. 2d 680, 681. Therein it was held that under a deed expressing the consideration of natural love and affection, a conveyance to the grantee "during her natural life, then to her heirs" did not include as an heir a son who was adopted nearly forty years after the execution of the deed. The single term used and the significant factual considerations clearly distinguish that case from the one before us. That decision has been criticized as adopting an artificial construction of the term "heirs" in 29 Kentucky Law Journal, 481 (May, 1941), and we do not wish to extend its implications further.

In the Woods case and other cases cited in the briefs, we find a discussion of the right of an adopted child to *inherit property from those other than its adoptive parents*. This statutory right is not material because we are dealing with a direct bequest and not intestate descent and distribution.

The Chancellor's conclusion, contrary to the one we have reached, apparently was based on the fact that the adopted daughter will not only receive her adoptive father's share, but will also have an additional interest in the estate as the heir of her natural father. While this development may result in an unequal distribution

between the testator's grandchildren, we do not think it a controlling consideration.

Whether or not the testator anticipated this situation, since the daughter of one son had been adopted by another son prior to the time he wrote his will, we do not know. We must fairly construe the language he used and not attempt to apply our own theories of equitable distribution. We cannot ignore the plain meaning of the words "legal heirs" and write a different will for the testator by speculating as to what he might have done had he been confronted with the precise question before us. Therefore, regardless of what other interest in the estate the adopted daughter may have, she is entitled to the one-fifth interest of her deceased adoptive father.

The judgment below allowed appellees' attorneys a fee of $500 to be taxed as costs. There is no pleading in the record justifying such an allowance; no notice was given to the interested parties of any motion for a fee; and appellant should not be charged with any part thereof. The judgment in this respect was erroneous.

For the reasons stated, the judgment is reversed for proceedings consistent herewith.