**BEVINS et al. v. WEST et al.**

Court of Appeals of Kentucky.

Oct. 12, 1951.

Kenneth A. Howe, Pikeville, for appellants.

Francis M. Burke, Wine, Venters & Stephenson and Edgar N. Venters, Pikeville, for appellees.

CLAY, Commissioner.

This controversy involves the correct location of a boundary line between lots owned by the respective parties. The action was brought by appellees to quiet title after appellants had removed a fence dividing the properties. The Chancellor found the correct line to be as claimed by appellees, and ordered appellants to restore the fence.

The titles of both parties are traced to a common source. In 1934 the real estate of one Louisa Murphy was partitioned and Commissioner's Deeds conveyed to different parties several adjoining lots. Appellants own lot No. 4 and appellees lot No. 3. The descriptions in the deeds are free from ambiguity.

Each party had an engineer make a new survey of the lots. They both began at an agreed corner. Their conclusions as to the proper location of the dividing line are different. The determination of the controversy depends upon which survey was the more accurate.

The engineer testifying for appellees based his survey principally upon the Commissioner's Deeds under which the original tract was divided. Appellants' expert based his survey principally upon a plat and notes made by one Auxier in 1934 prior to the partition. The deeds do not refer to this plat, nor is it recorded.

In our opinion the Chancellor was justified in finding that the correct boundary line was established by appellees' expert. While his testimony was quite technical, he produced a blueprint which conformed to the deed descriptions. On the other hand, appellants' principal witness was forced to admit that the original Auxier plat was somewhat inconsistent with the deed descriptions, and he practically admitted that appellees' engineer correctly followed the deed descriptions.

It is appellants' argument that the proper guiding rule in a case of this sort is to retrace as nearly as possible the lines projected by the surveyor at the time they were originally drawn, and that therefore we should follow the original Auxier plat as interpreted by their principal witness. Our examination of this plat, however, indicates that it is not complete, and in one vital respect appears to be inaccurate. It was not recorded or referred to in the deed, and therefore was not a part of the conveyance. If there is a conflict between this plat and the deed descriptions, there being no ambiguity in the latter, surely we must follow the deeds. In our opinion the evidence amply supported the finding for appellees.

The judgment is affirmed.