## MAJOR v. KAMMER et al.

Court of Appeals of Kentucky.
May 22, 1953.

Woodward, Hobson & Fulton, and John P. Sandidge, Louisville, for appellant.

W. S. Heidenberg, Louisville, for appellee.

DUNCAN, Justice.

The question presented on this appeal may be summarily stated as follows: Does a devise to one for life with remainder to the heirs at law of the life tenant include adoptive children of the life tenant where adoption occurs after the death of the testator? The answer, to some extent, is dependent upon preliminary questions which we shall discuss as the opinion proceeds.

The will of Albert W. Hoefer, dated February 29, 1904, and probated May 2, 1904, by Item 5 provides:

"* * * I do hereby give and bequeath my house and lot known as No. 1231 West Market Street in Louisville, Kentucky, also my house and lots known as Nos. 900 to 908 West Jefferson Street, in Louisville, Kentucky, to The Louisville Trust Company for the use and benefit of Jennie Farrell, during her life, with remainder to her heirs at law; the income from said property be paid to said Jennie Farrell."

Jennie Farrell mentioned in the will is the same person as Jennie Farrell Dryer Zachari. On October 27, 1936, she legally adopted the appellees, Lola Zachari Kammer and Margaret Lola Kammer. The appellant, Mildred Lee Major, is the natural

and legitimate child of Jennie Farrell Dryer Zachari. The life tenant died a resident of Louisville, Kentucky, on February 9, 1952.

The property described in Item 5 of the will has been transferred, and the proceeds now consist of property at 655 South 28th Street, 2639 Northwestern Parkway, a tract on Waterbury Street, and a tract on Frankfort Avenue, all in Louisville. The appellant, Mildred Lee Major, contends that as the sole natural child of Jennie Farrell Dryer Zachari she is entitled to the whole estate devised by Hoefer's will. The appellees, Lola Zachari Kammer and Margaret Lola Kammer, contend that as adoptive children of Mrs. Zachari they come within the term "heirs at law" as used in the will, and they assert ownership collectively to an undivided two-thirds interest in the property. The Chancellor sustained the contention of the appellees.

In this, as in all other cases involving the construction of wills, we are controlled by the intention of the testator as gathered from the whole instrument in the light of circumstances attending its execution. When the intention is not clearly expressed, or necessarily inferable, we are required to rely upon applicable rules of construction.

Section 2071, Carroll's Kentucky Statutes, was the adoption statute in effect in 1904 when the will was probated and in 1936 when the judgment of adoption was entered. This section was repealed and re-enacted by the General Assembly at its 1940, 1946, and 1950 sessions, the 1950 Act now being KRS 199.530. In construing the former statute, the decisions of this Court have indicated that an adopted child, so far as intestate succession is concerned, could inherit from but not through the adoptive parent. Merritt v. Morton, 143 Ky. 133, 136 S.W. 133, 33 L. R.A.,N.S., 139. The rule, while not followed by all of the States, seems to represent the majority view in the construction of statutes comparable in their provisions to our Section 2071. There is some authority in this State which supports the view that under the same statute an adoptive child is not entitled on the death

of the adoptive parent to take property limited by deed or will to the heirs of such parent unless an intention to include the adopted child appears from the language of the instrument. Savells v. Brown's Guardian, 187 Ky. 134, 218 S.W. 462; Woods v. Crump, 283 Ky. 675, 142 S.W.2d 680; Sanders v. Adams, 278 Ky. 24, 128 S. W.2d 223; Parke v. Parke's Ex'r., 295 Ky. 634, 175 S.W.2d 141; Eversole v. Kentucky River Coal Corporation, 298 Ky. 321, 182 S.W.2d 392; Copeland v. State Bank and Trust Company, 300 Ky. 432, 188 S.W.2d 1017. In the Savells, Sanders, and Copeland cases, the words "children" or "children of her body" were used as descriptive of the class to which adoptive children were claiming admission. In the Parke case, the will described the class as the "grandchildren" of the testator. Only in the Woods and Eversole cases was the word "heirs" construed as excluding adopted children.

The latest opinion of this Court, construing the same statute, in Isaacs v. Manning, 312 Ky. 326, 227 S.W.2d 418, 419, while not specifically overruling the earlier cases and distinguishable on its facts, announces the rule that "where no language showing a contrary intent appears in the will an adopted daughter clearly falls within the class" designated as legal heirs. The rule, as stated in the latter opinion, is in direct conflict with the contrary rule followed in the earlier cases. If the will presently before us is to be construed in the light of the provisions of the old adoption statute, we would be faced with the problem of choosing between the two contrary rules which we have noted.

In the last three enactments of the adoption law, the restrictive phraseology of the former statute was omitted, and it now seems clear that an adopted child whose rights are fixed by either of the later statutes may inherit through as well as from the adoptive parent and is to be considered as included within the designation of heirs or heirs at law of the adoptive parent, unless a contrary intention is apparent. A question here presented is whether the will shall be construed under the earlier statute in effect at testator's

death and under which appellees were adopted, or should their rights be measured by the statute in effect at the death of the life tenant.

The rule, which is recognized by a majority of the courts, is that in determining what persons shall be entitled to take under a devise or bequest to heirs or next of kin of a life beneficiary, membership in the class is to be ascertained by the statutory definition in force at the death of such life tenant rather than one in effect at the time of the execution of the will or the death of the testator. The reason for the rule is that when a testator makes a devise to a class, the membership in which is ascertainable at an indefinite future time, he is regarded as having contemplated the possibility of a change in the controlling laws prior to that time, and hence is presumed, in the absence of any contrary context in the will, to have intended that the statutes in effect at the time the gift becomes operative be resorted to in determining membership in the class. Sherburne v. Howland, 239 Mass. 439, 132 N.E. 188; Seavey v. O'Brien, 307 Mass. 33, 29 N.E.2d 196; In re Winslow's Will, 259 N.Y. 550, 182 N.E 176; Smith v. Hunter, 86 Ohio St. 106, 99 N.E. 91; Gilliam v. Guaranty Trust Company, 186 N.Y. 127, 78 N.E. 697, 116 Am.St.Rep. 536.

We realize that the rule here stated is in conflict with this Court's opinion in Copeland v. State Bank and Trust Company, 300 Ky. 432, 188 S.W.2d 1017, in which it was held that the adoption statute in effect at testator's death rather than at the expiration of the intermediate estate should control the question of whether an adopted child came within the class designated by the will as "children" of the life tenant. To the extent of the conflict, the Copeland case does not represent the views of this Court as presently constituted, and we decline to follow it as requiring our construction of this will under the old adoption law.

We think the better rule requires that in construing the will here we do so by reference to the 1950 adoption statute, KRS 199.530, in effect at the time of the death of the life tenant. By a reference to that statute, we are not concerned here with the apparently conflicting constructions which have been applied by this Court to the earlier statute.

We are unable to agree with appellant that the 1950 Act is by its terms restricted to children adopted under its provisions. We think that this Act, as well as the 1940 and 1946 enactments, was intended to be a comprehensive and all-inclusive statute on the subject of adoption, affecting children adopted under previous statutes, as well as those adopted under its specific terms. Kolb v. Ruhl's Adm'r., 303 Ky. 604, 198 S.W.2d 326.

We think the Chancellor correctly concluded that appellees, under a proper construction of this will, are included within the class designated by the testator as "heirs at law" of Jennie Farrell.

The judgment is therefore affirmed.