John Shelby WILSON et al., Appellants,

v.

Virginia A. JOHNSON et al., Appellees.

Court of Appeals of Kentucky.

Feb. 5, 1965.

Rehearing Denied May 21, 1965.

C. E. Schindler, Louisville, for appellants.

Frank K. Bowman, Jr., Cincinnati, Ohio, William O. Ware, Covington, for Johnson.

Charles S. Adams, Covington, for 1st Nat. Bank and Trust Co.

Malcolm R. Rhoads, Newport, H. G. Hightower, Cincinnati, Ohio, for Salvation Army.

S. J. Stallings, Louisville, Joseph J. Leary, Frankfort, amici curiae.

WILLIAMS, Judge.

This is an appeal from a judgment of the Kenton Circuit Court denying appellants' claim to the remainder interest in the estate of Elizabeth P. Johnson. The court decreed that the entire estate passed to the Salvation Army, owner of Booth Memorial Hospital.

Elizabeth P. Johnson died testate in 1929. Her son, Leslie H. Johnson, became life beneficiary of her estate. At that time he was a mature married man with no children,

although his wife had two children by a former marriage. Their ages were approximately 20 and 24 at the time the will was made. They are the appellants.

On November 7, 1956, Leslie H. Johnson adopted the appellants. On April 26, 1958, Leslie H. Johnson died without leaving any child or issue of his own body. His first wife had died before his death and he had remarried. However, no question as to the surviving wife's interest in the estate is before us.

Determination of the litigation hinges on the construction to be given the ninth paragraph of the will of Elizabeth P. Johnson:

"I direct that the net income from this trust be paid in monthly installments to my son, Leslie H. Johnson, so long as he shall live. At his death should his wife survive him, I direct that the net income therefrom be paid unto her, so long as she lives and remains his widow. At her death or remarriage, this trust is terminated as to her, and my trustee is directed to pay the income therefrom, or as much thereof, as is required for the maintenance, support and education of the youngest children of Leslie, if any there be. When the youngest of said children, the mother and father being dead, shall become twenty-one (21) years of age, this trust shall terminate, and the principal shall then be divided equally between the children of Leslie living at that time. If no such children be living at the time of the termination of this trust, as herein before set out, then the principal thereof shall be paid unto the Booth Memorial Hospital of Covington, Kentucky."

The pertinent adoption statutes in effect at the time of Leslie H. Johnson's death were KRS 405.390 and KRS 199.520(2).
"KRS 405.390. Adoption of an adult. An adult person over twenty-one years of age may be adopted in the same manner as provided by law for the adoption

of a child and with the same legal effect, except that his consent alone to such adoption shall be required."

"KRS 199.520(2). From and after the date of the judgment the child shall be deemed the child of petitioners and shall be considered for purposes of inheritance and succession and for all other legal considerations, the natural, legitimate child of the parents adopting it the same as if born of their bodies. * * *"

From time to time this Court has had occasion to determine a testator's intent from the language used in his will in view of the prevailing adoption statutes.

In Copeland v. State Bank & Trust Co., 300 Ky. 432, 188 S.W.2d 1017 (1945), it was held that the terms "heirs" and "issue" as well as "children" and words of similar import in a will refer to natural and blood relationships and do not include an adopted child in the absence of circumstances clearly showing that the testator so intended.

Isaacs v. Manning, 312 Ky. 326, 227 S.W.2d 418 (1950), announced the rule that, where no language showing a contrary intent appears in the will, an adopted daughter falls within the class designated as "legal heirs."

The ruling that the adoption statute in effect at the testator's death rather than at the expiration of the intermediate estate should control the question of whether an adopted child should come within the class designated by the will as "children" of the life tenant as declared in Copeland v. State Bank & Trust Co., supra, was abandoned in Major v. Kammer, Ky., 258 S.W.2d 506 (1953). To that extent Copeland was specifically overruled. The Major case stands for the proposition that an adopted child may inherit through as well as from the adoptive parent and is to be considered as included within the designation of "heirs" or "heirs at law" of the adoptive parent unless a contrary intention is apparent.

In Bedinger v. Graybill's Ex'r, Ky., 302 S.W.2d 594 (1957), the Court was concerned with a situation where a husband had adopted his wife. Although shocked at an adoption so bizarre, the Court held the statute authorizing the adoption of an adult permitted a husband to adopt his wife and thus make her his heir within the provision of his mother's will that the corpus of a testamentary trust should go at his death to his "heirs at law."

This Court's opinion in Edmands v. Tice, Ky., 324 S.W.2d 491 (1959), recognized that the rule in the Copeland case had been reversed in the Major case. Edmands holds that the use of the word "children" in a will does not show a clear intent to exclude an adopted child.

■ In construing a will the court is controlled by the intention of the testator as evidenced by the instrument as a whole. Gratz v. Hamilton, Ky., 309 S.W.2d 181 (1958). Our late cases held that, when the testator used the classifications "legal heirs," "heirs," "heirs at law," or "children," he intended to include persons thereafter adopted. This conclusion was bolstered by the fact that adoption is and has been an accepted practice at least since ancient Biblical times. See Bedinger v. Graybill's Ex'r, supra.

We are impressed with the fact that the primary and customary conception of the adoption procedure is that it establishes a social relationship of parent and child. Secondarily, it makes the adopted child eligible to inherit property the same as a natural child. Knowing that, we search for the testator's intention when he uses words of known definitive classification. When he uses the words "heir," "legal heir," or "heir at law," he is cognizant of the fact that those classifications include adopted persons as well as other persons of varied degrees of kinship of various ages. And, when he uses the classification "children" he knows that no relative of any other degree will be included.

■ By our statutes an adult may be adopted in the same manner as a child. But by virtue of such fact he does not ipso facto become a child. True, the legal effect of adoption is that he shall be considered for all legal considerations the natural child of the adopting parents. But, except for strict legal considerations, an adopted adult is not ordinarily considered a child of the adopting parents. On the other hand, a child adopted before he becomes an adult is considered for all purposes a child of the adopting parents. He ordinarily moves into the household and becomes one of the children in fact as well as by law.

■ We conclude that, when a testator uses the classification "children," he is thinking of and intends to use the word in its commonly accepted meaning. He is thinking of those persons who were actually born of the parents, or, if adopted, were adopted as children. The two occupy the same status, and it matters not whether they have reached maturity at the time the estate is settled.

It is reasonable to conclude that, when the testator employs the classification "children," he does not wish persons other than children to be included. If he desired to include other persons, he could employ the classification "heirs" or "heirs at law," which would include not only children but uncles, aunts, cousins, et cetera, and not only children who had been adopted as minors but also those persons adopted after they had reached their maturity. To the extent that Edmands v. Tice, Ky., 324 S.W. 2d 491 (1959), expresses a contrary view, it is expressly overruled.

And so we return to the will under consideration. It provides that the property shall go to the "children" of Leslie H. Johnson. The appellants were approximately 48 and 52 at the time they were adopted by Leslie. They did not come within the classification of "children" as used in Elizabeth P. Johnson's will.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

I agree with the result in the majority opinion but disagree with the reasoning. As indicated in previous dissents in the Bedinger and Edmands cases, I feel that the correct rule is stated in Copeland v. State Bank & Trust Company, 300 Ky. 432, 188 S.W.2d 1017.

The majority opinion speaks of adoption as an accepted practice since Biblical times. However, as pointed out in the dissent in the Bedinger case, consanguinity is so fundamental in the passage of property by inheritance and by will any course of descent that will take property of deceased persons out of the current of their blood stream should be expressed in explicit and unmistakable language. 1 Am.Jur., Adoption of Children, Section 63, page 664; 2 C.J.S. Adoption of Children § 63d, page 455.

Further, I feel that the Court has overlooked the fact that the status of adoption while creating ordinarily the incidents of the relation of parent and child between the adoptive parent and the adopted child, does not determine or change the status of the adopted child as to any person such as the testator who is not a party to the adoption proceeding, especially a testator who has been dead for years, as in the Bedinger and Edmands cases and in this case. 2 C.J.S. Adoption of Children § 57a, page 449.

There is a further policy reason why the Court should reject in toto the absurd results reached in the cases mentioned. The increased frequency with which these cases are arising raises the question of whether, as the word gets around, there will be more adoption or treasure hunts as they may be called which take advantage of the provision in a will wherein an estate is left for life with remainder to children, heirs, etc. In every such instance where there are no children or heirs, the way has been opened by use of adoption to take advantage of the testator and his estate. This seems to me to be highly objectionable. All that the majority opinion does is to lower the age limit of the potential beneficiary of any such modern day piracy.

I, therefore, respectfully dissent.