**Dudley W. PENNINGTON, Jr., et al., Appellants,**

v.

**CITIZENS FIDELITY BANK AND TRUST COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 12, 1965.

As Modified on Denial of Rehearing

May 21, 1965.

S. J. Stallings and Robert L. Durning, Jr., Louisville, for appellants.

Thomas W. Bullitt and M. Brooks Senn, Bullitt, Dawson & Tarrant, Louisville, for Citizens Fidelity Bank & Trust Co.

Blakey Helm and P. M. Harris, Louisville, for Central Presbyterian Church of Louisville, Ky., Inc.

Richard B. Crawford and Marshall B. Woodson, Jr., Louisville, for Calvary Episcopal Church.

Blakey Helm, Helm, Bowman & Jay, Louisville, Rambo & Mair, Philadelphia, Pa., for Board of Pensions of United Presbyterian Church in U. S. A.

T. Kennedy Helm, Jr., Stites, Peabody & Helm, Louisville, for Woodcock Hall.

Armand L. Koethen, Louisville, for Young Women's Christian Assn.

CULLEN, Commissioner.

In 1958, at age 74, Dudley W. Pennington, was adopted by his childless wife, age 71. She was the life tenant of a substantial estate under the will of her mother, probated in 1921. After his wife's death, in 1962, Pennington asserted a claim to the estate under a provision of the mother's will which devised the remainder of the estate to "the child, or children of my

daughter, Annie, if any." Certain charities which were designated to take the remainder if there were no children resisted the claim. In an appropriate action the circuit court adjudged that Pennington was not a "child" within the meaning of the will and therefore could not take under the will. Pennington has appealed from that judgment.

■ The decision of the trial court conforms with the views expressed by this Court in Wilson v. Johnson, Ky., 389 S.W. 2d 634 (decided February 5, 1965). Accordingly, we affirm the judgment to the extent that it bars any claim of Pennington to the estate.

■ The judgment went further and held that by virtue of the adoption, and the execution contemporaneously of an agreement between the Penningtons as to the disposition of the estate on Mr. Pennington's death, there was a violation of a provision of the will prohibiting any anticipation, pledge or attempted disposition by Mrs. Pennington of "her estate herein,"

and therefore the life estate was forfeited and the trust was terminated when the adoption took place. None of the parties asked for such an adjudication and none of them contend on this appeal that the adjudication should be upheld. For that reason, and because there clearly was no attempt by Mrs. Pennington to anticipate, pledge or dispose of "her estate" (which was only a life estate), the adjudication in question was improper.

■ It is suggested on behalf of Mr. Pennington that if he is not entitled to take as a child, then his son (by a previous marriage) is entitled under KRS 394.410(2) to take in the capacity of a grandchild. This proposition is completely without merit because Pennington's son could not possibly be a grandchild of the testatrix for purposes of the will if Pennington is not a child within the meaning of the will.

To the extent that the judgment decrees that the trust terminated upon the consummation of the adoption it is reversed; in all other respects it is affirmed.