[Civ. No. 9963.   First Appellate District, Division Two.—November 4, 1935.]

In the Matter of the Estate of LOUIS RUSSELL MURPHY, Deceased.   WILLIAM L. MURPHY, Appellant, v. FLORENCE I. MURPHY, as Guardian, etc., Respondent.

Elmer P. Delany for Appellant.

William A. O'Brien and Rogers, Clark & O'Brien for Respondent.

NOURSE, P. J.—Josephine Murphy executed her last will on August 4, 1927.   Her son Louis Murphy executed his last will six days later.   The mother died on March 15, 1932; the son died five days later.   The mother left her entire estate to Louis and purposely omitted to provide for another son, William L. Murphy, "he having heretofore received certain advances from me".   In Louis' will the entire estate was left to the mother and he expressly omitted to provide for his brother William.

Because the sole legatee under Louis' will predeceased him the brother, as next of kin to Louis, claims the

entire estate under section 92 of the Probate Code. The three minor children of William appeared by their mother as guardian and petitioned for the entire estate upon the ground that William could not take under the statute because of the expressed intention of the testator to eliminate him as an heir to the estate.

Section 92 reads in part: "If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute another in his place; except that when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, . . . such descendants take the estate so given by the will. . . . " The section is modeled on the former section 1310 of the Civil Code with no change of language which would affect the interpretation for the purposes of this case.

The authorities interpreting the old section do not pass directly on the point involved here but the reasoning in *Estate of Hittell,* 141 Cal. 432 [75 Pac. 53], must control the decision. In that case the testator had left his entire estate to two strangers of the blood, Anna and Mary, and had expressly excluded a brother, a sister, and other named heirs at law. Mary predeceased the testator and the probate court distributed the entire estate to Anna on the theory that the devise to Anna and Mary vested in them a joint tenancy with a right of survivorship. In reversing the decree the Supreme Court said that the reference in the will by the testator to his relatives did not express an intention that they should not share in his estate under any circumstances whatever, but that the testator's intention was that they should not share if both Anna and Mary should survive him. In this connection the court said, at page 436: "As in the case of innumerable wills, the testator did not anticipate changed conditions, and did not provide for the event of the death during his lifetime of one of the named devisees, which he could easily have done, if he so desired, by giving the property to them or to the survivor of them. What his actual intent may have been after the conditions were changed by the death of Mary we have no means of knowing, except from the fact that he allowed the will to stand as originally executed. He may have thought that one-half of his estate would be sufficient for the wants of the remaining woman. At all events, we

must apply the law to the will as it reads, and to the fact of the death of Mary before that of the testator, and thus applying it, the conclusion clearly follows that the living devisee, Anna, took one undivided half of the estate, and that the other half vested in the heirs at law.''

There is no language which would convey an intention on the part of the testator to ''substitute another'' in the words of the code section if his mother should predecease him; but, so far as appears from the document itself, it is reasonable to assume that the testator intended in that event to let the law take its course. We are faced with these inescapable facts: the devisee died during the lifetime of the testator and the will does not show an intention to substitute another in her place. The estate would therefore go to her lineal descendant, the appellant herein, by operation of the statute. Thus, in effect, the statute substitutes the appellant for the deceased devisee and it is immaterial whether we say he takes by reason of the will or by operation of the statute. The controlling point is that the will did not provide for the contingency of the death of the devisee and the statute supplies that omission.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.