John MAVRAKOS and James T. Gianladis, Executors Under the Will of Nicholas Papadimitriou, a/k/a Nick Pappas, a/k/a Nicholas H. Papadimitriou, Deceased (Plaintiffs), Respondents,

v.

Soterion PAPADIMITRIOU, etc., Defendants,

Haralampon Theodore Papadimitriou (Defendant), Respondent,

Kanela Panagiotokopoulou, etc., et al., Defendants,

Anggeliki Ioannou Panagiotokopoulou et al. (Defendants), Appellants.

No. 30318.

St. Louis Court of Appeals.

Missouri.

Jan. 19, 1960.

Louis M. Kohn, St. Louis, for appellants.

Speros B. Boudoures, St. Louis, for plaintiffs-respondents.

Michael W. Hodges, St. Louis, for respondent Haralampon T. Papadimitriou.

ANDERSON, Judge.

This is a suit for a declaratory judgment to construe certain provisions of the will of Nicholas Papadimitriou who died in the City of St. Louis on August 11, 1956. The suit was brought by John Mavrakos and James T. Gianladis, executors named in the will and duly appointed as such by the Probate Court. Said will is as follows:

"This is my last will and testament— made of sound mind and of my own free desire.

"I appoint as Administrators of my estate the following parties: (Without Bond)

  "John Mavrakos      St. Louis, Mo.
  "James T. Gianladis   St. Louis, Mo.

"After all my debts have been paid, I bequeath:

  "St. Nicholas Greek Orthodox
    Church
    St. Louis, Missouri     $300.00
  "Greek Archdioces,
    New York, N. Y.      $200.00

"½ of my remaining estate to be equally divided as follows:
"Soterion Papademetriou (my brother)
  Valtesinico, Gortinias, Greece
    (or his children)
"Christitsa Anagnostopoulou,
  Valtesinico, Gortinias, Greece.

"Remaining half of my estate to be equally divided among my nieces and nephews as follows:
"Children of my deceased sister,
  Kanela Panagiotokopoulou.
"Haralampon S. Papademetriou,
  Athens, Greece.

"As of today my estate is comprised of the following:
"Bank Account—Mercantile Commerce
        . Bank and Trust Co.,
        St. Louis, Mo.
"Bank Account—St. Louis Bank,
        St. Louis, Mo.
"Stock—The United Piece Dye Works
    —New York.
"U. S. Government Bonds—St. Louis,
         Mo.
"My entire estate to be liquidated and divided as above.
      "Signed,
        "Nicholas Papadimitriou
        or
        "Nick Pappas.
"Witnessed this 6th day of May, 1952.
  "Emma S. Briscoe
  "Jim L. Gianladis."

The object of the suit was to obtain a construction of the provision of the residuary clause of the will in three respects, the petition alleging:

·"10. That the residuary clause of said Will, and more particularly the following language:

"Soterion Papademetriou (my brother)
  Valtesinico, Gortinias, Greece
    (or his children)
is ambiguous, equivocal and uncertain in that the intention of the testator is uncertain in respect to whether the testator desired the executors to pay one-

quarter (¼) of the remaining estate to the testator's brother, Soterion Papadimitriou, a/k/a Soterion Papademetriou, and if he be dead, then to his children; or whether he intended to give the executors the option of paying one-quarter (¼) of the estate to either Soterion Papadimitriou or his children.

"11. That the residuary clause of said Will, and more particularly the following language:

"Remaining half of my estate to be equally divided among my nieces and nephews as follows:

"Children of my deceased sister, Kanela Panagiotokopoulou.

"Haralampon S. Papademetriou, Athens, Greece.

is ambiguous, equivocal and uncertain in that a confusion of names exists; that there are two Haralampon Papadimitriou's: Haralampon S. Papadimitriou, the son of Soterion Papadimitriou, who lives in Valtesinico, Gortinias, Greece, and Haralampon Theodore Papadimitriou, the son of the testator's deceased brother Theodore, who lives in Athens, Greece."

The petition further alleged that the last mentioned clause was further "ambiguous, equivocal and uncertain in that it does not state whether the legatees of the remaining half, or second portion, of the estate are to take per capita or per stirpes."

The trial court held that the words "or his children" in the first part of the residuary clause were words of substitution to avoid a lapse should testator's brother, Soterion, predecease testator; and that, since Soterion survived the death of the testator, he took a one-fourth share of the residuary estate absolutely. The court also found that in the second part of the residuary clause testator intended a per stirpes distribution of the remaining half of the residue, giving one-fourth of the residuary estate to Haralampon T. Papadimitriou of Athens, Greece, and the remaining one-quarter of the residuary estate to the living children and children of the deceased children of Kanela Panagiotokopoulou.

Two of the three living children of Kanela, and all the children of her two deceased children, have appealed. The other parties adversely affected by the decision have not appealed. The only issue on this appeal is whether the court erred in ruling that the testator intended a per stirpes distribution to Haralampon T. Papadimitriou and the children of Kanela Panagiotokopoulou.

Testator had two brothers, Soterion and Theodore, and two sisters, Christitsa Anagnostopoulou and Kanela Panagiotokopoulou. Theodore died in 1912. Soterion and Christitsa survived the testator. Kanela had five children: Anggeliki Ioannou Panagiotokopoulou; Ioannin Ioannou Panagiotokopoulou; Helene Petros Katzigianne; Panagiotis John Panagiotokopoulou; and Ifigenia Photios Papageorgiou. Panagiotis and Ifigenia predeceased testator, but each left minor children who survived the testator. Panagiotis's children are Evangelos, Georgiou, and Stavrola. Ifigenia's children are Kanela Photios and Ioannin Photios Papageorgiou.

Mrs. Emma S. Briscoe, a co-worker with testator, typed the will in question. The testator did not first write the will in longhand, but told Mrs. Briscoe approximately what he wanted. She then prepared a rough draft, which testator checked. She then prepared the final draft, which testator executed as his last will. Mrs. Briscoe punctuated the will and arranged the paragraphs. The words "equally to be divided among," appearing in the residuary clause, were inserted at the direction of the testator. There was no lawyer or other person present when the will was being prepared.

Haralampon T. Papadimitriou was a nephew of testator, being the only son of testator's brother Haralampon Papadimitriou who died in 1912. Haralampon T. Papadimitriou, the nephew, was a resident

of Athens, Greece, where he was a professor of literature in High Schools. He was born in 1911, and had resided in Athens since 1928. Testator corresponded with his brother Soterion, and his nephew Haralampon T. Papadimitriou. He always referred to his nephew Haralampon T. as the "professor," and talked frequently about him. The nephew would write to testator often, as much as once or twice a week. Testator talked to Mr. Gianladis, one of the executors, about his sister Kanela who was dead. He also talked about Kanela's children. Testator sent his nephew Haralampon T. $300 a year while he was at the university, and afterwards $70 a year. Testator sent this nephew shoes and clothes. Mrs. Briscoe testified that testator seemed close to this nephew Haralampon T. Testator's brother, Soterion, lives in the Village of Valtesinico, Gortinias, Greece. He has a son, Haralampon S., and daughter, Maria Thravga. The son also lives in Valtesinico, Greece. None of the witnesses testified to testator having received letters from relatives other than from his brother Soterion, and his nephew Haralampon T. Papadimitriou.

The appellants contend that the court erred in its construction of the second part of the residuary clause of the will in question, and that the true intention of the testator, as expressed in said will, was that Haralampon T. Papadimitriou and the children of Kanela Panagiotokopoulou should share the one-half of the residue per capita and not per stirpes.

▮ The intention of the testator is the determining factor in ascertaining whether devisees and legatees are to take per capita or per stirpes under a will. This intention is to be gathered from the four corners of the will, and if there is any want of clearness in the language used it is permissible for the court to consider the surrounding circumstances and conditions present in the mind of the testator at the time the will was executed. 96 C.J.S. Wills § 707, p. 76. Another rule of construction is that when an estate is devised or bequeathed equally among certain persons, whether specifically named or referred to by more general terms as children of a certain person, the language imports the taking of an equal share by each legatee or devisee, in the absence of other provisions showing a contrary intention. In other words, they take per capita and not per stirpes. 96 C.J.S. Wills § 708, p. 81; In re Will of Asby, 232 Wis. 481, 287 N.W. 734, 126 A.L.R. 151; 16 A.L.R. 83; 31 A.L.R. 805; and 78 A.L.R. 1407.

▮ It also appears to be almost the unanimous rule that where the will directs that legatees shall take equally, such direction imports a distribution per capita and not per stirpes. See cases cited in 16 A.L.R. at page 22.

▮▮ We are of the opinion that the trial court erred in holding that one-half of the residue should be divided per stirpes between the children of Kanela Panagiotokopoulou and Haralampon T. Papadimitriou. It seems clear from the language used that the testator intended an equal division between the nieces and nephews designated. The will says: "remaining half of my estate to be equally divided among my nieces and nephews as follows: children of my deceased sister Kanela Panagiotokopoulou, Haralampon S. Papademetriou." Nothing could be more explicit than this. The manifest purpose was to limit and define the persons who were to take, and it seems clear to us that the mention of Kanela was simply for the purpose of identification and not the designation of a special class. The fact that the parties designated were of equal degree of relationship to the testator and that he provided that one-half of the estate should be divided *equally* among the nieces and nephews, all lead to the conclusion that a per capita distribution was intended. It is true that the words "equally divided" are sometimes appropriate to a division among classes as well as individuals, but in such cases there is other language disclosing an intent

to distribute per stirpes. In the absence of such language, the use of the words ordinarily are meant to direct a per capita distribution. Furthermore, testator directed distribution "among" the children of his deceased sister, and Haralampon S. The use of the word "among" naturally suggests that the testator had in mind a division among a greater number than two, and that he was thinking of a distribution to several individuals rather than to two classes, for which the appropriate word would have been "between." 96 C.J.S. Wills § 708, p. 83; 16 A.L.R. 28; 126 A.L.R. 163; In re Davis' Estate, 319 Pa. 215, 179 A. 73.

It is argued in support of the construction given to the provision by the trial court that it is inconceivable that Haralampon T., testator's favorite relative to whom he made gifts of money and with whom he frequently corresponded, would be placed by the testator in the same class as the children of Kanela.

We have considered the above facts but are not convinced by respondent's argument. In our view, the intention of the testator is clearly ascertainable from an examination of the will itself. In our judgment, it clearly provides for a per capita distribution. If the testator had intended otherwise he would no doubt have said so. It would have been a very simple matter to have accomplished such result. But we cannot speculate from the fact that because he had a great regard for Haralampon T. that such was his intent, when we consider the plain language of the will.

That part of the judgment appealed from which construes the will in question as providing for a per stirpes distribution of one-half of the residue between the children of Kanela Panagiotokopoulou and Haralampon T. Papadimitriou is reversed, and the cause is remanded with directions to the trial court to amend the judgment in accordance with the views herein expressed.

WOLFE, P. J., and RUDDY, J., concur.