In the Estate of

Alois S. RENNER, Deceased.

**Theodore L. KIRCHNER, Richard L. Kirchner, Leroy Kirchner and Patricia Brown, Appellants.**

v.

**Charley BUSCHLING, Individually and as Personal Representative of the Estate of Alois Renner, Lester Kirchner, Individually and as Personal Representative of the Estate of Alois Renner, Arthur S. Huff, Velma Miller, Twilla Groene, Erma Jean Hummel, Hilda Schutte, Thelma Wright, Carrie Stutz Mohr, Marilyn Wright Land, Wayne Wright, Lucille Soper, St. Paul United Church of Christ and Zion Cemetery, Respondents.**

No. 65546.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 14, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 20, 1995.

Application to Transfer Denied April 25, 1995.

181

H. Scott Summers, Kahoka, for appellants.

Dennis W. Smith, Canton, Mark Steven Wasinger, Hannibal, for respondents.

DOWD, Judge.

This is a will construction case. The children of a residuary beneficiary who predeceased the testator appeal the trial court's judgment that the words "per capita and not per stirpes" were sufficient to override the Anti–Lapse Statute, § 474.460, RSMo 1986, thereby excluding them from sharing in the residue of the estate. We reverse and remand.

Alois Renner (Testator) died March 6, 1993, leaving a will dated January 31, 1984. It is the construction of the will's residuary clause which is at issue on appeal. Article 4(b) of Testator's will states the following:

> All the rest and residue of my property, real, personal and mixed, ... I give, devise and bequeath in equal shares, per capita and not per stirpes to the following named persons, share and share alike in fee simple absolute: Arthur S. Huff, Velma Miller, Twilla Groene, Erma Jean Hummel, Hilda Schutte, *Howard Kirchner*, Thelma Wright, Carrie Stutz Mohr, Marilyn Wright Land, Wayne Wright and Charley Buschling.[1] (Our emphasis.)

The Appellants are the children of Howard Kirchner, a residuary beneficiary and nephew of the Testator who predeceased the Testator. After the will was admitted to probate, Appellants filed a Petition for Will Construction seeking to utilize the Anti–Lapse Statute, § 474.460, RSMo 1986, so their father's share would be divided among themselves. The trial court issued Findings and Order in which it ruled the Testator desired to have the residuary beneficiaries share equally in the residue of his estate; however, if a beneficiary predeceased the Testator,

1. Arthur S. Huff, Velma Miller, Twilla Groene, Erma Jean Hummel, Hilda Schutte and Howard Kirchner were all nieces and nephews of Testator by consanguinity. Carrie Stutz Mohr was Testator's great-niece. The remaining relatives noted in this section were relatives by affinity. Wayne Wright and Marilyn Wright Land are the children of Thelma Wright.

that beneficiary's portion should not pass to his or her descendants.

Appellants present one point on appeal. We review their argument according to the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the lower court's judgment unless it is against the weight of the evidence, it erroneously declares or applies the law, or there is no substantial evidence to support it. *Id.* at 32. We find the trial court misapplied the law.

Appellants claim the phrase "per capita and not per stirpes" did not constitute an attempt by Testator to override the Anti–Lapse Statute. They argue the phrase merely showed Testator's intent that the residuary beneficiaries should equally share the residue of the estate without regard to their degree of relationship, if any, to him.

■ The Anti–Lapse Statute was enacted to hinder the harsh common law rule that a bequest lapses if the beneficiary dies before the testator. *Royston v. Watts*, 842 S.W.2d 876, 877 (Mo.App.1992). For the statute to apply, the devise or bequest must be to a blood relative and that beneficiary must have left lineal descendants who survive the testator by 120 hours. *Id.*; § 474.460, RSMo 1986. If the statute is applicable, the descendants of the deceased beneficiary take the portion of the estate which would have gone to the beneficiary had he or she survived the testator by 120 hours. § 474.460, RSMo 1986.

Appellants are lineal descendants of Howard Kirchner, one of the beneficiaries named in Article 4(b) of Testator's will. Howard Kirchner was a nephew of Testator who predeceased Testator. Therefore, Appellants fit within the parameters of Missouri's Anti–Lapse Statute, § 474.460, RSMo 1986.

■ A testator may override the Anti–Lapse Statute by making his or her intent to do so plain and clear in the will's language. *Royston*, 842 S.W.2d at 879–80. The bequests will then become personal to those named beneficiaries only. *Id.* The party arguing a testator intended to override the statute bears the burden of showing ambiguity and that the will overrides the statute.

*Id.* at 880. Here, we find no ambiguity. Any doubt as to whether or not a testator intended to override the statute will be resolved in favor of application of the statute. *Id.* at 879. Courts have held phrases such as, "provided this person is living at my death" or "if my sister does not survive me" adequately establish a testator's intent to override the statute and impose a condition upon the vesting of a particular legacy. *Id.*

■ The Testator in the current case knew about and used similar language by which he made one particular devise personal. In a separate article of the will were the words: "If Lester Kirchner shall not be alive at the time of the death of my wife, Ellen K. Renner, then this bequest shall lapse, and my 69 acre farm shall become part of the residue of my estate." Testator obviously knew how to override the Anti–Lapse Statute.

Testator did not utilize similar necessary language by which to override the Anti–Lapse Statute in Article 4(b). He simply noted the bequest was to be distributed per capita and not per stirpes. These terms have application in determining the mode of distribution among a class and not in establishing the members of that class. *Matter of the Estate of Walters*, 519 N.E.2d 1270, 1273 (Ind.App. 1 Dist.1988).

We find Testator did not override the application of the Anti–Lapse Statute, and we therefore reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

CRANE, P.J., and CRANDALL, J., concur.