659 So.2d 361 (1995)
In re ESTATE OF Ollie L. SCOTT, a/k/a Ollie C. Scott, Deceased.
Kathy S. GRIFFIS, for Emery Charles GRIFFIS, deceased, Appellant,
v.
C.W. SCOTT, Appellee.
No. 94-168.
District Court of Appeal of Florida, First District.
June 20, 1995.
Robert M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Ervin, Tallahassee, for appellant.
Kimberly Fitzpatrick Pell, Panama City, for appellee.
BOOTH, Judge.
This cause is before us on appeal from the trial court's order denying appellant's petition for addition of heirs.[1] We reverse and remand for further proceedings.
On August 6, 1993, Ollie Scott died testate in Bay County, Florida, at the age of 76. Ms. Scott's will contained the following pertinent provisions:
ARTICLE I
I hereby request all my property be placed in Trust for the benefit of my Sister, *362 MARY LOUISE VENTURE. I hereby name QUITMAN GEORGIA BANK as Trustee of my property. The Trustee may from time to time distribute all or so much of the income or principal of the Trust as the Trustee, in its discretion, deems appropriate for the health, support, maintenance or education of my Sister, MARY LOUISE VENTURE, and any income not so distributed shall be accumulated and added to the principal. Distributions of income or principal to or on behalf of MARY LOUISE VENTURE may be made in any one or more of the following ways:
a) Directly to the beneficiary;
b) By the Trustee expending the income or principal directly for the health, support, maintenance or education of the beneficiary;
c) To the guardian of the person or the estate of the beneficiary;
d) To a relative of the beneficiary under an agreement to expend it for the benefit of the beneficiary.
ARTICLE II
NO PROVISION FOR SPECIFIC HEIRS
I hereby specifically and intentionally make no provisions for EMORY [sic] GRIFFIS, ARCHIE GRIFFIS, JAMES CLARKE and MARK CLARKE.
In an amended petition for administration, the administrator asserted that Mary Venture predeceased Ollie Scott and that no other beneficiaries were known. At or about the same time, Emery Griffis and Archie Griffis filed a petition to add heirs, claiming that they were the natural children of Mary Venture, sister of the decedent. After a hearing, the trial court denied the petition without explanation. This appeal followed.
It is undisputed that the sole devisee, Mary Venture, was Ollie Scott's sister. Since Venture predeceased the testator Scott, this case is controlled by Florida's antilapse statute. Florida Statutes section 732.603 (1993) provides in pertinent part as follows:
Unless a contrary intention appears in the will:
(1) If a devisee who is a grandparent, or a lineal descendent of a grandparent, of the testator:
... .
(b) Fails to survive the testator, ...
... .
then the descendants of the devisee take per stirpes in place of the deceased devisee.
Under the foregoing antilapse statute, Griffis is entitled to take the devise per stirpes if he can show that he is indeed a lineal descendant.
The fact that Ms. Scott specifically chose not to provide for Griffis in her will does not preclude entitlement to the devise under the antilapse statute. In order to cut off an heir's right to succession, a testator must do more than evince an intention that the heir shall not share in the estate; the testator must make a valid disposition of the property passing under the will. In In re Levy's Estate, 196 So.2d 225, 230 (Fla. 3d DCA), cert. denied, 201 So.2d 550 (Fla. 1967), the court held that the lapsed legacies passed pursuant to the antilapse statute to the son and heir of the testator, stating:
The intent of the testator not to include his son and heir among the legatees, as recited in the will, was not accompanied by any language for substitution of another in the place of a named legatee whose testamentary disposition might lapse. As is often the case, the testator did not anticipate lapsed legacies, and made no provision respecting them.
In re Estate of Barker, 448 So.2d 28, 31-32 (Fla. 1st DCA 1984), follows Levy's Estate in applying the antilapse statute and holding that the court may not attempt to improve upon the will of a testator and may not alter or reconstruct a will according to the court's notion of what the testator would or should have done. Accordingly, we REVERSE the trial court's order denying Griffis' petition to add heirs and REMAND for proceedings consistent with this opinion.
MICKLE and VAN NORTWICK, JJ., concur.
NOTES
[1] Although not challenged below, Griffis' petition to add heirs appears to be a petition to determine heirs under § 733.105, Fla. Stat. (1993).