In the ESTATE OF Nicholas KURUZOVICH.

George J. Karr, Plaintiff–Appellant,

v.

Merle Stanley, Defendant–Respondent.

No. 24588.

Missouri Court of Appeals,
Southern District,
Division One.

June 20, 2002.

James B. Fleischaker, Roberts, Fleischaker, Williams, Wilson & Powell, Joplin, for appellant.

David L. Taylor and Douglas A. Parker, Myers, Taylor & Associates, P.C., Joplin, for respondent.

KENNETH W. SHRUM, Presiding Judge.

Nicholas Kuruzovich ("Testator") died testate on January 22, 1999. The residuary clause of his will provided: "To George Kuruzovich, Anna Owen and Merle Stanley, I give, devise and bequeath all the rest, residue and remainder of my estate; share and share alike, absolutely and in fee simple." Testator's brother, George Kuruzovich ("George"), died on March 13, 1998, and was survived by his son, George J. Karr ("Appellant"), as his sole heir. Anna Owen ("Anna") also predeceased Testator, specifically on July 22, 1995. At the time of trial, it was unknown if Anna was survived by descendants.

The trial court ordered distribution of Testator's entire residuary estate to Merle Stanley ("Respondent"). Appellant (George's son) moved to set the order of distribution aside. The trial court denied the motion, and this appeal followed. The trial court reasoned that Testator's use of the words *"share and share alike"* in the residuary clause "expressed a clear intent to make a per capita distribution as opposed to a per stirpes distribution." Based on that conclusion, the court ruled that the anti-lapse statute, § 474.460 (which would have entitled Appellant to take his father George's share in Testator's residuary estate), was inapplicable.[1] This court disagrees; we reverse and remand.

 Our standard of review in construing the provisions of a will is governed by the principles of *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). *Nationsbank, N.A. v. Tegethoff,* 18 S.W.3d 22, 25 (Mo.

App.2000). The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy,* 536 S.W.2d at 32[1]. When the issue is the construction of the will based on the language used therein, the appellate court gives no deference to the trial court's judgment. *Estate of Boder,* 850 S.W.2d 76, 79 (Mo.banc 1993); *Estate of Straube v. Barber,* 990 S.W.2d 40, 45[11] (Mo.App.1999).

In Appellant's sole point on appeal, he alleges the trial court erred when it failed to apply the anti-lapse statute. The statute, § 474.460, provides:

"When any estate is devised to any child, grandchild, or other relative of the testator, and the devisee dies before the testator ... leaving lineal descendants who survive the testator ... the descendants shall take the estate, real or personal, as the devisee would have done if he had survived the testator...."

Appellant claims he is entitled to his father's share of Testator's estate by virtue of the statute. As noted earlier, the trial court disagreed by concluding that Testator's use of the words "share and share alike" expressed a clear intention to override the statute.

 The anti-lapse statute was enacted to hinder the harsh common law rule that a bequest lapsed if the beneficiary died before the testator. *Estate of Renner,* 895 S.W.2d 180, 182[1] (Mo.App.1995). Testators are presumed to know the statute's effects, but can counteract such effects by use of survivorship language, i.e., preconditioning the receipt of the devise upon surviving the testator. *Royston v. Watts,* 842 S.W.2d 876, 879 (Mo.App.1992). In order to override the statute, the testa-

---

1. All statutory references are to RSMo (2000), unless otherwise indicated.

tor must make his or her intent to do so plain and clear in the will's language. *Renner*, 895 S.W.2d at 182[4]. Courts resolve any doubt in favor of the operation of the statute. *Royston*, 842 S.W.2d at 879[9].

 Here, Testator never used the terms "per capita" or "per stirpes" in his will; he simply directed that named beneficiaries were to "share and share alike." While it is true that terms of equality, such as "share and share alike," whether referring to specifically named individuals or to a class of individuals, have been interpreted "to cause an equal division of the property [on a] per capita and not per stirpes" basis, *Wooley v. Hays*, 285 Mo. 566, 226 S.W. 842, 844–45 (Mo.1920), *Mavrakos v. Papadimitriou*, 331 S.W.2d 161, 164[3] (Mo.App.1960), it is equally true that terms such as these "have application in determining the mode of *distribution* among a class and *not in establishing the members* of that class." *Renner*, 895 S.W.2d at 182 (emphasis supplied). Accordingly, Testator's use of the term "share and share alike," standing alone, *only* evidences an intent on *how* the property shall ultimately be divided, not *who* will ultimately take. One purpose of the anti-lapse statute is to answer the precise question of who will be the ultimate beneficiaries. Applying the foregoing principles, we conclude the trial court erred when it found that the "share and share alike" language evidenced Testator's intent to give Respondent all the residuary estate if George and Anna died before Respondent, but left lineal descendants.

We are confirmed in this view by *Renner*, 895 S.W.2d 180. Although prior precedent is less valuable in will cases than

other areas of the law due to the peculiar circumstances and context in which each will is made, *Hereford v. Unknown Heirs*, 365 Mo. 1048, 292 S.W.2d 289, 293 (1956), *Renner* is instructive. There, the residuary clause at issue specifically named eleven beneficiaries to take "in equal shares, per capita and not per stirpes ... share and share alike ..." 895 S.W.2d at 181. The court held this language was insufficient, standing alone, to overcome the anti-lapse statute because the terms, as previously noted, "have application in determining the mode of *distribution* among a class and *not in establishing members* of that class." *Renner*, 895 S.W.2d at 182 (emphasis supplied). The *Renner* court deemed it significant that the testator had used words of survivorship in a separate devise to his wife; therefore, he knew how to override the statute if he had intended to do so.

 Here, Testator's residuary clause had less specific language than that involved in *Renner*; consequently, there is less evidence of intent to override the anti-lapse statute than existed in *Renner*.[2] As the *Renner* court posited, when a testator uses survivorship language, such as "provided this person is living at my death" or "if this person does not survive me," such person leaves little doubt about his or her intent to override the anti-lapse statute. *See Renner*, 895 S.W.2d at 182; *Royston*, 842 S.W.2d at 879. However, here (as in *Renner*) Testator did not use survivorship language in the residuary clause. Its absence emphatically bespeaks Testator's lack of intent to override the anti-lapse statute as to that bequest, especially since he used survivorship language elsewhere, i.e., in the third clause of his will in a

---

2. Terms describing a mode of distribution can be an aid in determining the intent of the testator relating to the ultimate beneficiaries. *See St. Louis Union Trust Co. v. Greenough*, 282 S.W.2d 474 (Mo.1955). However, such terms are *only* an aid when construed in conjunction with other language in a will evidencing an intent. That is not our case.

bequest to his wife. The will clearly demonstrates Testator knew how to override the statute had he intended to do so. *Renner*, 895 S.W.2d at 182.

Adhering to the rule that courts should resolve any doubt in favor of application of the statute, *Renner*, 895 S.W.2d at 182, *Royston*, 842 S.W.2d at 879[9], we hold that Testator did not intend to override the anti-lapse statute by using the phrase "share and share alike" in the residuary clause of his will. The trial court erred when it ruled otherwise.

The judgment denying Respondent's request that the trial court set aside the order of distribution is reversed; the case is remanded with directions that the trial court set aside the order of distribution.

MONTGOMERY, J. and BARNEY, C.J., concur.