Rick **LINDSEY, Mearle Lindsey, Connie Moser, and Tammie Luetkenhaus, Appellants,**

v.

Sarah **BURKEMPER, Public Administrator, and Floyd Lindsey, and Larry E. Lindsey, and Gene Lindsey, and Charles J. Lindsey, and Phil Lindsey, and Mary Jane Schalk, Respondents.**

### No. ED 81329.

Missouri Court of Appeals, Eastern District, Division Three.

March 25, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 27, 2003.

Application for Transfer Denied July 1, 2003.

---

Robert L. Meyer, William H. Leyhe, III, St. Louis, MO, for appellant.

Edward J. Grewach, Troy, MO, for respondents.

BOOKER T. SHAW, Judge.

Appellants Rick Lindsey, Mearle Lindsey, Connie Moser and Tammie Luetkenhaus ("Appellants") appeal from the trial court's judgment finding that the bequest made by the testator Albert D. Lindsey ("Testator") in his will to Robert G. Lindsey ("Nephew") was personal and that the anti-lapse statute does not apply. Appellants argue Respondents Sara Burkemper (Public Administrator of Lincoln County and representative of Testator's estate), Floyd Lindsey, Larry E. Lindsey, Gene Lindsey, Charles J. Lindsey, Phil Lindsey and Mary Jane Schalk, Testator's other surviving heirs, (collectively "Respondents") failed to meet their burden of proof that Testator's intent to override the anti-lapse statute was clear. We agree.

Testator died on March 18, 2001 and his will was admitted to probate on September

14, 2001. Testator's will left the residue of his estate to his wife, Mary, and then to Nephew, should Mary predecease Testator. Mary predeceased Testator and Testator had no children. Nephew then predeceased Testator, leaving four children, who are the named Appellants in this case. Testator was also survived by a brother, Floyd, and descendants of Testator's other siblings who also predeceased him. These parties are the named Respondents in this action.

The disposition clauses of Testator's will state as follows:

2.01 General. I intend to dispose of all of my separate property.

2.02 Personal and Household Effects. If my Spouse survives me, I give to my Spouse all of my Personal and Household Effects. If my Spouse fails to survive me, my Personal and Household Effects shall be added to my residue.

2.03 Residence. If my Spouse survives me, I give my Residence, free and clear of any indebtedness secured by such property, to my Spouse. If my Spouse fails to survive me, my Residence shall be added to my Residue.

2.04 Residue. If my Spouse survives me, I give my Residue to my Spouse. If my Spouse fails to survive me, I give my Residue to my nephew, Robert G. Lindsey, of Winfield, Missouri.

Testator's will fails to name who would inherit should Nephew predecease him.

Testator's will further provided the following disinheriting clause:

5.02 Disinheriting Clause. I have intentionally omitted to provide for, and specifically direct and will that under no circumstances shall any part, share or interest in my estate go to, vest in, or be taken by any of the descendants of my natural mother and natural father, and *I hereby generally and specifically disin-*

*herit each and any and all persons whomsoever claiming to be or who may be lawfully determined to be my heirs at law except as otherwise mentioned in this will,* and if any of such persons or such heirs or any devisees or legatees under this [w]ill, or their successors in interest, or any other person who, if I died intestate, would be entitled or shall lawfully become entitled to any part of my estate, shall either directly or indirectly, singly or in conjunction with others, seek to set aside this will, or attack, oppose, or seek to set aside the probate thereof, or to impair, invalidate, or set aside its provisions, or shall consent to, acquiesce in, or fail to contest such proceedings, then in any or all of the above mentioned cases or events I hereby give and bequeath to such person or persons the sum of one dollar and no more, in lieu of any other share of interest in my estate.

(Emphasis added).

Appellants filed their Petition for Will Construction in the trial court in Lincoln County, seeking a finding that the anti-lapse statute applies to Testator's will, thereby permitting them to take their deceased father's inheritance. Respondents argue the anti-lapse statute does not apply and that all of the parties should inherit under the rules of intestate succession.

The trial court held that the anti-lapse statute did not apply and that the residue of Testator's estate left to Nephew should pass intestate to all of Testator's heirs at law in equal parts. In making this determination, the trial court relied on Testator's statement in Section 5.02 of his will that he "hereby generally and specifically disinherit[s] each and any and all persons whomsoever claiming to be or who may be lawfully determined to be my heirs at law except as otherwise mentioned in this

will." Appellants appeal from this court's judgment.

Appellants argue the trial court erred in finding that the bequest to Nephew was personal and the anti-lapse statute does not apply because Respondents failed to meet their burden of proof that Testator's intent to override the anti-lapse statute was clear. In their brief, Respondents rely solely on the proposition that "the plain language of [Testator's] [w]ill very clearly requires the disinheritance of all lineal descendants of his parents, except for [Nephew]" and "[u]nder the plain meaning of the language used, [Appellants] fall within the disinherited group." We must decide whether the disinheritance clause in Testator's will clearly expressed his intent that the anti-lapse statute not apply.

We will affirm the trial court's judgment unless it is against the weight of the evidence, it erroneously declares or applies the law, or there is no substantial evidence to support it. *In the Estate of Renner*, 895 S.W.2d 180, 182 (Mo.App. E.D.1995).

Missouri's anti-lapse statute, Section 474.460, RSMo 2000, states:

When an estate is devised to any child, grandchild or other relative of the testator, and the devisee dies before the testator, or is treated as if he predeceased the testator, leaving lineal descendants who survive the testator by one hundred twenty hours, the descendants shall take the estate, real or personal, as the devisee would have done if he had survived the testator by one hundred twenty hours.

This statute was enacted to counteract the harsh common law rule that a bequest lapses if a beneficiary predeceases a testator. *Renner*, 895 S.W.2d at 182. It is applicable where a devise or bequest was made to a relative who predeceased the testator and left lineal descendants who survived the testator by one hundred and twenty hours. *Id.* If the anti-lapse statute applies, the descendants of the deceased beneficiary take the portion of the estate the beneficiary would have received had the beneficiary survived the testator by one hundred and twenty hours. *Id.* "Without providing a substitute legatee in case of the predecease of a legacy to the relative, Missouri testators can let the anti-lapse statute 'take its course.'" *Royston v. Watts*, 842 S.W.2d 876, 879 (Mo.App. W.D.1992) (quoting, *In re Murphy's Estate*, 9 Cal.App.2d 712, 50 P.2d 828, 829 (1935)).

The anti-lapse statute may be overridden where the testator makes his or her intent to do so "plain and clear in the will's language." *Renner*, 895 S.W.2d at 182. If so, the bequest becomes personal to the named beneficiaries only. *Id.* "Any doubt as to whether or not a testator intended to override the statute will be resolved in favor of application of the [anti-lapse] statute." *Id.* In Missouri, there is a strong presumption against partial intestacy if "the will indicates the testator's intent to make a complete disposition of all of his property, and no plain, unequivocal language, or law, demands a contrary interpretation." *Shaw v. Wertz*, 369 S.W.2d 215, 218 (Mo.1963); *see also, In re Fowler's Estate*, 338 S.W.2d 44, 48 (Mo.1960).

Nephew was a relative and devisee of Testator and was survived by Appellants, his four children. Nephew predeceased Testator and therefore, but for the disinheritance clause in Section 5.02 of Testator's will, there is no question that Appellants, as Nephew's lineal descendants, would have inherited the residue of Testator's estate left to Nephew under the express terms of the anti-lapse statute. The ultimate issue becomes whether Sec-

tion 5.02 sufficiently expresses Testator's intent to override the anti-lapse statute such that the devise to Nephew lapses and all of Testator's heirs at law take under the laws of intestate succession.

In relevant part, Section 5.02 of Testator's will provides, "I hereby generally and specifically disinherit each and any and all persons whomsoever claiming to be or who may be lawfully determined to be my heirs at law except as otherwise mentioned in this will...." The trial court interpreted this provision as Testator's intent to prevent the applicability of the anti-lapse statute, and held that all of Testator's heirs at law shall inherit intestate. We find the trial court's ruling erroneous on several grounds.

First, the trial court's interpretation in effect made Testator's will meaningless. Not permitting the anti-lapse statute to apply is not consistent with Testator's intent under the circumstances. Testator's intent to explicitly disinherit his siblings and their descendants is clear under Section 5.02 of his will. Should the anti-lapse statute not apply, Respondents, contrary to Testator's intent, would share in his estate pursuant to the laws of intestate succession. It is more consistent with Testator's intent here to apply the anti-lapse statute so that the surviving lineal descendants of the specifically named devisee, Nephew, inherit the residue of Testator's estate, rather than Respondents whom Testator specifically excluded.

Additionally, the trial court's determination that the anti-lapse statute did not apply is contrary to the express terms of Testator's will where Testator states it is his intention "to dispose of all of [his] separate property." Allowing Testator's heirs at law to inherit under the laws of intestate succession is also in conflict with the strong presumption against partial intestacy in Missouri. *See Shaw*, 369

S.W.2d at 218. Because in Testator's will he attempted to dispose of all of his property, he failed to provide for a substitute devisee in the event Nephew predeceased him, and he did not express a clear intent that the anti-lapse statute not apply, the anti-lapse statute takes effect and substitutes Nephew's surviving lineal descendants. *See Renner*, 895 S.W.2d at 182.

Furthermore, the trial court erred in finding that the anti-lapse statute does not apply because Testator did not condition the bequest to Nephew upon Nephew surviving him. Courts have held that a testator's imposition of survival as a condition upon a bequest vesting in a beneficiary establishes a testator's intent to override the anti-lapse statute. *Id.* In *Renner*, where the testator used this conditional language in a prior article of his will, this Court held that the testator knew how to make a particular bequest personal to that devisee. *Id.* This Court reasoned that by not using such conditional language in another provision of his will, it was therefore not the testator's intention to override the anti-lapse statute with respect to that provision. *Id.*

Similarly, in the case before us, Testator also did not condition the bequest in Section 2.04 of his will to Nephew upon Nephew surviving him. Testator did, however, use this conditional language in Section 2.02 of his will which stated, "If my Spouse fails to survive me, my Personal and Household Effects shall be added to my residue." Testator also used this language in Section 2.03 of his will which stated, "If my Spouse fails to survive me, my Residence shall be added to my Residue." Therefore, it is clear that Testator knew how to override the anti-lapse statute with respect to these provisions. Because Testator did not use this language in Section 2.04 of his will, which left the residue of his estate to Nephew, the bequest to Nephew

was not intended to be personal and therefore, Testator did not intend to override the application of the anti-lapse statute with respect to this bequest.

In addition, by making this bequest to Nephew and not altering his will after Nephew's death, it is reasonable to assume that Testator intended for the bequest to then pass to Nephew's surviving lineal descendants. *See Estate of Heisserer v. Loos*, 698 S.W.2d 6, 8 (Mo.App. E.D.1985) (finding "there could be no reason for the testator to name [the deceased beneficiary] as a beneficiary other than a desire that [her] children take her share."); *Guitar, et al. v. Gordon, et al.*, 17 Mo. 408 (Mo.1853) (finding that a deceased mother's share passes to her children). Therefore, the application of the anti-lapse statute here is consistent with Testator's intent.

Finally, while no Missouri case has interpreted this issue, there are cases in other jurisdictions that have held that language similar to that used by Testator in the disinheritance clause of his will is not sufficient to override the applicability of the anti-lapse statute. We find these cases persuasive.

In *Larrabee v. Tracy, et al.*, 21 Cal.2d 645, 134 P.2d 265 (1943), the California Court of Appeals addressed the applicability of the anti-lapse statute in the context of a will which specifically disinherited any person who claimed to be the testator's heir at law, other than those persons already mentioned in the will. The will in *Larrabee* left one-sixth of decedent's estate to his cousin Mary Tracy, one-sixth to his cousin Kate Chase, one-third to three charities and the residue of the estate to the appellant. *Id.* at 266. The will also stated, "I hereby generally and specifically disinherit each, any and all persons whomsoever, claiming to be or who may be lawfully determined to be my heirs at law, except as otherwise mentioned in this will." *Id.* at 268. Kate Chase predeceased the testator and was survived by one child, Edith Larrabee. *Id.*

The anti-lapse statute in California at the time provided, "A devise or bequest to any kindred of the testator who is dead at the time the will is executed but leaves lineal descendants surviving the testator, does not lapse, but that such descendant takes the estate in the same manner the devisee or legatee would have done had he survived the testator." *Id.* at 269. The court, although recognizing that a decedent may make a provision in a will to prohibit the operation of the anti-lapse statute, held that the disinheritance clause of the will did not have this effect. *Id.* The court reasoned that the disinheritance clause "purports to exclude only those claiming as heirs at law of the testator, while respondent relied solely upon her status as the lineal descendent of Kate Chase under [the anti-lapse statute]. . . . '[T]he persons acquiring rights under said statute acquire such rights as 'statute-made' devisees or legatees. * * * Such rights are acquired regardless of whether such persons are or are not heirs of the testatrix.'" *Id.* (quoting *In Re Tibbetts' Estate*, 48 Cal.App.2d 177, 119 P.2d 368, 369 (1941)); *see also, In re Carroll's Estate*, 138 Cal.App.2d 363, 291 P.2d 976, 979 (1956).

Therefore, while a testator's heirs at law could otherwise be disinherited under a disinheritance clause of a will, they may be permitted to inherit under the anti-lapse statute as surviving lineal descendents of a named devisee who predeceased the testator. *See In Re Pfadenhauer's Estate*, 159 Cal.App.2d 686, 324 P.2d 693, 695–96 (1958) (finding that an intention by a testator "to exclude the [unnamed] relatives . . . with respect to any claim they might have as such relatives . . . expressed no intention to exclude them as lineal descendants

of the named devisees and legatees, and no such intention is . . . indicated [because the testator] excluded any direct claim that might be made by the[m]. . . .”); *see also, In Re Estate of Scott,* 659 So.2d 361, 362 (Fla.App.1995) (finding that simply because the testator chose not to provide for a relative in her will did not prevent the relative from inheriting the bequest under the anti-lapse statute, and that “[i]n order to cut off an heir's right to succession, a testator must do more than evince an intention that the heir shall not share in the estate; the testator must make a valid disposition of the property passing under the will.”).

Similarly, here, Appellants as the surviving lineal descendants of Nephew are entitled to inherit the residue of Testator's estate under the anti-lapse statute, as Nephew would have if Nephew had survived Testator. Although Testator's generic disinheritance clause disinherited Appellants as Testator's heirs at law, it did not clearly express his intent to exclude Appellants from inheriting as lineal descendants of Nephew. Appellants' inheritance rights as the surviving lineal descendants of Testator's named devisee, Nephew, are separate and distinct from any rights they would have acquired as Testator's heirs at law, and therefore, such rights are not affected by the disinheritance clause in Testator's will.

We reverse and remand with directions to enter judgment consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., concur.